NATHAN M. WATERMAN *vs.* JOSEPH S. CURTIS AND OTHERS.

*C* made an assignment in insolvency in January, 1856, and in March, 1858, obtained from the court of probate a discharge from his debts existing at the time of the assignment and founded upon contracts made since the passage of the insolvent act. *W* had obtained a judgment against *C* upon such a debt, with costs of suit, in May, 1856. The insolvent act provides that no claim against an insolvent estate, existing at the time of the assignment, shall be deemed to be discharged by being merged in a judgment rendered afterwards. In an action of debt brought on this judgment, in which *C* pleaded his discharge, and averred in his plea that the debt for which the judgment was rendered existed at the time of the assignment, it was held that the plea was not an answer to the declaration, inasmuch as the costs of the suit, equally with the original debt, entered into the judgment.

Whether the discharge of the original debt might not be an equitable discharge of so much of the judgment : *Quere.*

Whether the provision that claims should not be discharged by being merged in a judgment was not intended merely to prevent the discharge of the claims as against the estate of the insolvent : *Quere.*

DEBT on a judgment of the city court of the city of Hartford, against Joseph S. Curtis, Ralph Callender and John C. Pratt. The judgment was rendered in the month of May, 1856. The defendant Curtis, and one Frederick Curtis, with whom he had been in partnership, had made a general assignment for the benefit of their creditors in January, 1856, the assignment conveying their joint and separate property; and on the 22d day of March, 1858, the assignors had obtained from the court of probate, under the act of 1855, then in force, a discharge of each and both of them from all claims founded on contracts made since the passage of the insolvent act of

1853, with certain exceptions provided for by the act. The judgment in this case was rendered in a suit founded on a cause of action existing at the time of the assignment and arising on a contract made after the passage of the insolvent act. The insolvent act provides that no claim against any insolvent estate in settlement under its provisions shall be deemed to be discharged by having become merged in a judgment, or any other higher evidence of debt, after such insolvent proceedings are instituted.

The defendants Callender and Pratt were defaulted. The defendant Curtis appeared and pleaded his discharge above stated. The facts were specially found by the superior court, and the case reserved for the advice of this court.

*Goodman,* for the plaintiff.

*T. C. Perkins* and *C. E. Perkins,* for the defendant Curtis.

HINMAN, C. J. The arguments of counsel in this case have taken a much wider range than we think is called for by the necessities of the case as it stands before us. There is no rule of pleading better established than that the plea must not be too narrow ; that is, it must answer the whole declaration or plea to which it professes to be an answer; and where a defect of this sort is in the ground of the defense itself, and not in the form of stating it, it is of course apparent that the party thus pleading has no defense that could be aided by a repleader, and judgment will therefore be at once given for the adverse party. Applying these well known rules to the case, it seems to us that the plaintiff is entitled to judgment, as well on the facts found by the court as upon the pleadings themselves. The action is an ordinary action of debt on the judgment of the city court of Hartford. Of course it must be shown that the judgment has in some way been satisfied or discharged, or the plaintiff is entitled to judgment upon it. This is attempted to be done, so far as the defendant Curtis is concerned, by setting up certain proceedings under our insolvent law, instituted by him and one Frederick Curtis, with whom

he had been in partnership, which resulted, on the 22d of March, 1858, in a discharge of the partners, and of each of them, from all claims presented against the assigned estate, and from all claims founded on contracts made since the passage of the insolvent act, in the year 1853, and before the assignment. The assignment which laid the foundation for this discharge was made on the 28th of January, 1856, and the judgment which it is claimed is discharged was not rendered till the following May, and as the ordinary operation of the discharge only affects claims existing at the time of the assignment, this judgment debt would not appear to be affected by the proceedings in insolvency. But to relieve the case from this difficulty the defendant Curtis sets out on his plea " that the claims on which this suit was brought were all of them claims founded on contract and existing at the time of the assignment," and it appearing and being found that the judgment was rendered in a suit founded on a cause of action arising on contract, and existing at the time of the assignment, the defendant insists that the provision of the insolvent act, " that no claim against an insolvent estate in settlement under its provisions shall be deemed to be discharged by having become merged in a judgment or any other higher evidence of debt after such insolvent proceedings were instituted," operated to keep alive the original contract debt until it was discharged by the final proceedings in insolvency.

Now it may be very well doubted whether the legislature had any such object as this in view in passing this act, or contemplated any such result. The more probable object was merely to prevent the merger of claims in suit against insolvent estates, for the purpose of enabling the holders of them to have them allowed against the assigned estate although they had gone into judgment after the assignment, for while the assignment would operate to discharge attachments in many cases, if the judgment was also to have the effect of preventing the claim from being allowed by the commissioners, the party must either withdraw his suit or cause it to be continued until the determination of the proceedings in insolvency, or he must lose, not only all benefit by his attachment; but all claim

to a dividend out of the insolvent's effects. It is, however, wholly unnecessary to dwell upon any question of this sort, since, if we admit that the statute is as broad in its operation as the counsel claim, we still think it not a full answer to the plaintiff's claim, and therefore in effect is no answer to it.

The suit is founded upon a judgment, and upon that alone. That judgment includes, not merely the original cause of action, but the costs of the suit in which it was rendered. It was regularly rendered at the time for the debt then due, and, by the rendition of it, it made the costs of the suit as much a part of the judgment debt as any other part of it. It indeed became by the judgment one entire thing, for both debt and costs, and however true it may be that the original cause of action, kept alive, that is from merging in the judgment, by the act of 1855, may be discharged by the proceedings in insolvency, yet the judgment itself can not be discharged, for the obvious reason that it did not exist at the time of the assignment. Nor can it be said that the insolvent proceedings amount to an equitable discharge of the judgment, since the costs, which entered into and served materially to increase the amount of the judgment debt, never existed as a legal demand until made so by the rendition of the judgment itself. The judgment is not vacated and rendered a nullity by the insolvent proceedings. Up to the time when the certificate was issued it existed as a perfectly valid judgment. And the act of 1855 kept alive the original cause of action also, so as to give the plaintiff the two securities for his claim. It may be that the discharge of the original cause of action may *pro tanto* be an equitable discharge of the judgment. Clearly it can amount to no more than this. When therefore the defendant avers in his plea that the claims on which this suit is brought were each and all of them claims founded on contract and existing at the time of said assignment, he is obviously contradicted by the record of the judgment, which includes much that did not and could not have existed at any time previous to its rendition. It seems very obvious therefore that the plea does not answer the declaration, even if we admit that its general language may be applied to the original

cause of action not evidenced by the judgment record, rather than to the cause of action declared upon in this suit, which is only evidenced by that record.

It appears to us therefore, that if the defendant has any defense, even against that part of the judgment debt which is founded upon the original cause of action, he can not take advantage of it in the mode which he has adopted here.

We therefore advise the superior court to render judgment for the plaintiff, for the full amount of his claim.

In this opinion the other judges concurred.