CLEMENT PERCY AND ANOTHER *vs.* WILFRED FOOTE AND ANOTHER.

To an action of debt on a judgment the defendants pleaded a judgment in their own favor in a former action of the plaintiffs for fraud in relation to the same debt, the declaration in such former action having in one count set up the original debt and the fraud of the defendants in incurring it, and in another the judgment and the fraud of the defendants in evading the payment of it, under Gen. Statutes, tit. 2, sec. 370. Held that as the failure of the plaintiffs to recover in that action might have been owing wholly to their failure to prove the fraud, the judgment for the defendants was no bar to a suit on the original judgment.

In the former suit the defendants had pleaded a general denial, with notice that they should prove a discharge in insolvency, but there was no proof in the present suit that any evidence of the discharge was introduced on that trial. Held that the judgment for the defendants in that case could not be held to be conclusive in their favor on the question of their discharge.

The defendants made an assignment in insolvency in February, 1856. The plaintiffs had a suit against them then pending for a debt, and recovered judgment in the suit in September, 1856. In February, 1857, the defendants obtained a discharge, under the law then existing, from debts existing against them at the time of their assignment. Held that the discharge did not cover the judgment.

DEBT on a judgment, to which the defendants pleaded in bar a judgment in their favor in a former action on the same judgment. Issue was closed to the court and the following facts found.

The judgment on which the present suit was brought was regularly rendered by the Superior Court for Litchfield county at its September term, 1856. The defendants, who were partners under the name of W. & R. Foote, on the 2d day of February, 1856, made a general assignment of their joint and several property, and on the 13th day of February, 1857, they obtained from the court of probate of New Haven, within which district they then resided, a full and absolute discharge of each and both of them from all claims founded on contracts existing at the date of their assignment and made since the passage of the insolvent act of 1853. The judgment on which the present case is founded was rendered in a suit brought to recover debts due to the plaintiffs at the time

of the assignment, on contracts made after the passage of the insolvent act. The claim of the plaintiffs was not presented to the commissioners on the assigned estate of the defendants.

In 1858 the plaintiffs had brought an action against the defendants under Gen. Statutes, tit. 2, sec. 370, for fraud in relation to the same judgment and the debt on which it was founded, to which the defendants pleaded a general denial, with notice that they should offer proof of a discharge in insolvency, and in which judgment was rendered in favor of the defendants. This judgment was the one pleaded in bar by the defendants and was fully set out in their plea. It appeared that the declaration in that case contained several counts, in a part of which the original indebtedness of the defendants was set up and their fraud in incurring the debt, and in others the judgment rendered in 1856 and the fraud of the defendants in concealing their property and evading payment of the judgment, all the counts setting up the fraud of the defendants in relation to the original debt or the judgment in some form. There was no evidence beyond the notice appended to the plea that the matter of the discharge was in proof or passed upon in that case.

Upon these facts the case was reserved for the advice of this court.

*O. S. Seymour* and *Cothren*, for the plaintiffs.

*Hubbard* and *Andrews*, for the defendants.

HINMAN, C. J. This is an action of debt on a judgment of the Superior Court. One defense to it was a former judgment for the defendants in an action upon the same judgment rendered in April, 1860. In point of fact that judgment was rendered in an action for fraud under the 370th section of the statute in relation to civil actions, (Gen. Statutes, page 85,) in which the judgment now in suit, and the debt upon which it was founded, was set up as the matter in respect to which the plaintiffs claimed to have been defrauded. The issue in that case was upon the plea of the general issue with notice

that the debts had been discharged by proceedings in insol-
vency. But there was no proof that there was any evidence
of the discharge in insolvency produced upon that trial.
Nor does it appear, except in the mere notice itself, that any
such claim was made. And as it is obvious that the plain-
tiffs in order to recover in that action must not only have
proved their debt but the fraud also, and as it is as consistent
with the recovery of the defendants that the failure on the
part of the plaintiffs was owing to their inability to prove the
fraud as that it was in consequence of their having no debt
that was the subject of fraud, that judgment upon its face can
be no answer to this action. *Armstrong* v. *Ayres*, 19 Conn.,
546 ; *Betts* v. *Starr*, 5 Conn., 550. Indeed fraud may be
said to be the gist of the action, without which it could not be
sustained at all, and the proof of the debt is part of the proof
necessary to establish the fraud, since the fraud must have
been in respect to the avoidance of the debt, and where there
is no debt to avoid there can of course be no fraud. We are
satisfied therefore that the judgment relied upon by the
defendants is no bar to the present action.

Again, the judgment on which the suit is brought was ren-
dered in September, 1856. The defendants made an assign-
ment in February, 1856, and such proceedings were had in
the probate court that in February, 1857, that court
decreed the discharge of the defendants from all claims against
them founded on contract existing at the time of their assign-
ment in February, 1856. The question therefore is, whether
this judgment, rendered several months after the date of the
assignment, was included in that discharge ; and we are of
opinion that it was not, because it came into existence after
the date of the assignment. This precise question was before
us in the case of *Waterman* v. *Curtiss*, 30 Conn., 135, and it
was decided that a similar discharge from debts existing at
the time of the assignment was no discharge of a judgment
debt obtained after the date of the assignment. Similar deci-
sions have been made in other states, but it is unnecessary to
allude to them particularly, as a recent case of our own
court should of course control our decision.

We advise judgment for the plaintiffs for the full amount of their former judgment and interest.

In this opinion the other judges concurred.