ALFRED M. FARLEY & others *vs.* ALDEN G. LOVELL.

In an action by three plaintiffs, who had been partners, to recover for partnership goods which, after the dissolution of the firm, had been delivered to the defendant by one of the plaintiffs, without the knowledge of the others, in payment of his private debt, the declaration contained a count in tort for the conversion of the goods, and a count in contract for goods sold and delivered. The answer to the first count denied the conversion, and to the second alleged payment. *Held*, that the plaintiffs could not maintain the action, although the defendant had conspired with the plaintiff who delivered to him the goods to defraud the other plaintiffs.

TORT by Alfred M. Farley, George H. Hill and William A. Quinn for the conversion by the defendant of five cases of glass, the property of the plaintiffs; a count in contract for goods sold and delivered, alleged to be for the same cause of action, was added. In the answer to the first count the defendant denied the conversion, and in the answer to the second count left proof of the sale and delivery to the plaintiffs, and alleged that if the goods had been sold and delivered to him, they had been fully paid for.

At the trial in the superior court, before *Dewey,* J., it appeared that the plaintiffs had been partners; that the partnership was dissolved on March 20, 1868; that on March 28 the plaintiff Quinn, without the knowledge of the other plaintiffs, delivered the glass in question, which was the property of the partnership to the defendant in payment of a private debt; and that the defendant at the time of the delivery knew that the glass was the property of the partnership and not of Quinn; and there was evidence which, the plaintiffs contended, showed that the defendant conspired with Quinn to get possession of the glass in fraud of the rights of Farley and Hill.

After the evidence was all in, the defendant contended that the joinder of Quinn as a plaintiff was fatal to the maintenance of the action; the plaintiffs objected that this defence was not open under the pleadings and at this stage of the case; but the judge overruled the objection.

The plaintiffs then requested the judge to rule " that if the jury find that Quinn and the defendant, in transferring the glass, and applying the same in payment of Quinn's private debt, fraudulently connived to cheat Farley and Hill, with full knowledge as to the ownership of the property, and that the *mala fides* was actual, as distinguished from the merely technical bad faith which the law implies from the payment of a private debt of one partner with the property of the firm, then the plaintiffs may recover in this action."

The judge declined so to rule, but instructed the jury as follows: " If Quinn, after the dissolution of the firm of which he was a member, sold and delivered to the defendant the prop- erty of the firm, in payment of his private debts, without the knowledge and consent of his partners, the defendant having knowledge that Quinn sold it for the purpose of paying his pri- vate debts, and without the knowledge and consent of his part- ners, this would not entitle the plaintiffs to maintain this action. But if the jury are satisfied that there never was a *bonâ fide* sale and delivery of the property by Quinn to the defendant, and that the defendant converted the same to his own use, then the plaintiffs can recover the value thereof in the present action."

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*W. H. Towne,* for the plaintiffs.

*J. W. Hammond,* for the defendant.

MORTON, J. The appropriation by Quinn of the partnership property to the payment of his private debts was a fraud upon the firm for which the laws furnish a remedy to the defrauded partners. The only question in this case is whether they have adopted the proper remedy. We are of opinion that the case of *Homer* v. *Wood,* 11 Cush. 62, is decisive of this question. The principles upon which that decision is founded, and the reasoning by which the conclusion is reached, are equally applicable to the case at bar. The difficulty in maintaining the action in that case, which was found to be insuperable, was, that the plaintiffs could only do so by alleging and proving the fraudulent acts of one of the coplaintiffs in misapplying the partnership assets in payment of his separate debt, which would be " a manifest violation of the salutary principle that a party in a court of law shall not be heard to allege his own bad faith, as a foundation of his right of recovery." The full discussion of this principle, and of the reasons for its application to cases where the fraudulent partner sues jointly with other parties who are innocent of the fraud, renders it unnecessary to do more than to refer to the case. The same difficulty exists in the case at bar. The plaintiffs can maintain their action, whether in the form of contract or tort, only by proving the fraudulent acts of one of themselves.

But the plaintiffs urge that this case is distinguishable from *Homer* v. *Wood* in two particulars. The plaintiffs offered to prove that the defendant as well as Quinn acted in bad faith and with an intent to defraud the innocent partners. If this be true, it in no way affects, unless to aggravate, the fraud of Quinn; and the force of the objection, that the plaintiffs can recover only by showing the fraudulent conduct of one of themselves, remains unimpaired.

The right to recover does not depend upon the good or bad faith of the person with whom the fraudulent partner has dealt,

but is defeated by a disability of one of the coplaintiffs to allege and prove a fact necessary to maintain the action, arising from his own fraud. Thus, if the fraudulent contract, in such a case remains executory, or if one partner should give the note of the firm in settlement of his private debt, the innocent partners may defend a suit brought to enforce it, without regard to the question whether the other party to the contract acted in good or in bad faith. In such event, there is not presented the incongruity of allowing a party to rescind his own act by alleging his own fraud.

The other ground of distinction urged by the plaintiffs is, that their declaration contains a count in tort, while *Homer* v. *Wood* was an action of contract. But the difficulty is, that they have joined Quinn as one of the plaintiffs. The suit is in his name and for his benefit, and can only be maintained by permitting him to allege and prove his own misconduct. The reasons of the decision in *Homer* v. *Wood* apply as strongly to an action of tort in which the fraudulent partner is joined as a coplaintiff, as to an action of contract. In the leading case upon this subject in England, *Jones* v. *Yates*, 9 B. & C. 532, the principle was applied in an action of trover as well as in an action of assumpsit.

The question is not before us, whether the innocent partners can maintain any action at law in their own names without joining Quinn. Having joined him, the disability which the law attaches to him, to allege his own turpitude as a foundation of his right to recover, must defeat the right of the plaintiffs to recover in this action.

The objection that this defence is not open under the pleadings cannot be sustained. The facts relied upon by the defendant are not matters in discharge or avoidance of the action of tort, but they meet and rebut the allegations necessary to support the plaintiffs' case; and to the count in contract the defendant in his answer sets up payment under which he may avail himself of these facts.          *Exceptions overruled.*