## JAMES L. BROWN *vs.* NATHAN W. BRIDGE & others.

A district court of the United States, sitting as a court of admiralty, is a court of record.

A decree of a district court of the United States on a libel in admiralty, that the libellants recover against the respondents salvage to the amounts set against their respective names, is a decree on which one of the libellants may bring an action against the respondents in a court of this Commonwealth for the amount set against his name; and such an action is not barred, under the Gen. Sts. c. 155, § 1, by the lapse of six years.

If the defendant sets up his discharge under the insolvent law of this Commonwealth as a bar to an action on a judgment rendered here, it is no reply that the plaintiff was not domiciled here when the proceedings in insolvency were begun, if his domicil was here when the judgment was rendered.

CONTRACT against Nathan W. Bridge, John R. Dow and Edwin Johnson, on a judgment for $3000, recovered against them on April 30, 1852, in the district court of the United States for the district of Massachusetts. Writ dated October 18, 1869. Bridge, on whom alone · service was made, set up in his answer the statute of limitations, and also a discharge granted to him January 25, 1854, under the insolvent laws of the Commonwealth, from his debts existing on the date of the commencement of the proceedings in insolvency, which was July 8, 1853.

At the trial in the superior court, before *Brigham,* C. J., the plaintiff put in evidence an exemplification of the record of the proceedings in the district court, from which it appeared that he and sixteen others, being the master, officers and crew of the ship Frank Johnson, which had rendered a salvage service in saving the cargo of a ship burned at sea, filed a libel against these defendants, who, as agents of the owners of the Frank Johnson, had

received $16,000 as salvage from the owners of the cargo saved, and held the same in trust for the owners, master officers and crew of the Frank Johnson; that the libel prayed the court to decree so much of the $16,000 to be due to the libellants as a compensation for their salvage service as should seem meet and reasonable; and that on April 30, 1852, the court decreed " that the libellants recover against the respondents salvage as follows, namely: To James L. Brown $3000," and then followed the names of the other sixteen libellants with a sum set against the name of each.

Bridge proved his discharge in insolvency as alleged, and introduced evidence tending to show that he was an inhabitant of the Commonwealth on April 30, 1852, and had so continued ever since, and that the plaintiff had his domicil in the Commonwealth on April 30, 1852, and for more than a year afterwards.

Bridge requested the judge to rule that the district court sitting in admiralty was not a court of record within the meaning of the Gen. Sts. *c.* 155, § 1; and that therefore an action on a decree of such a court sitting in admiralty must be begun within six years next after the cause of action accrued on such a decree; that an award or decree of the district court sitting in admiralty, merely apportioning salvage among co-salvors, was not a judgment or decree within the Gen. Sts. *c.* 155; and that if the plaintiff and Bridge were citizens of the Commonwealth on April 30, 1852, the action was barred by the discharge in insolvency. But the judge declined so to rule, and ruled that the decree of the district court was a decree of a court of record within the Gen. Sts. *c.* 155, and that the discharge in insolvency was a bar to the action only in case the plaintiff had his domicil within the Commonwealth on July 8, 1853. The jury returned a verdict for the plaintiff, and Bridge alleged exceptions.

*G. A. Somerby & C. F. Walcott,* for Bridge. 1. The district court, when sitting in admiralty, is not a court of record. A court of record proceeds according to the course of the common law. *Thayer* v. *Commonwealth,* 12 Met. 9. *Woodman* v. *Somerset,* 37 Maine, 29. 4 Inst. 84, 135. 5 Dane Ab. 56, 57. 6 Dane Ab. 341, 354. 3 Bl. Com. 25. 3 Steph. Com. 415, note (a).

When the district court sits as a court of common law, it is a court of record; when it sits in admiralty, it is not a court of record. That a court may have this twofold character is well recognized. U. S. St. of 1789, *c.* 21, § 2. U. S. St. of 1792, *c.* 36, § 2. *The Sarah*, 8 Wheat. 391, 394. *Ex parte Gladhill*, 8 Met. 168. *Thayer* v. *Commonwealth*, 12 Met. 9. *Mowry* v. *Cheesman*, 6 Gray, 515. *Wheaton* v. *Fellows*, 23 Wend. 375. *Lester* v. *Redmond*, 6 Hill, 590. 1 Kent Com. (6th ed.) 353–381. The English high court of admiralty was not a court of record until made so in 1861 by the St. of 24 Vict. *c.* 10, § 14. *Respublica* v. *Lacaze*, 2 Dall. 118, 122. 3 Bl. Com. 69, 109. 3 Steph. Com. 453, note (n).

2. The plaintiff and Bridge being citizens of this Commonwealth at the inception of the contract, the discharge in insolvency was a bar. *Stoddard* v. *Harrington*, 100 Mass. 87. *Stevens* v. *Norris*, 10 Fost. 466. A judgment is a contract under the provisions of the insolvent law. *Bangs* v. *Watson*, 9 Gray, 211. *Pierce* v. *Eaton*, 11 Gray, 398. *Wolcott* v. *Hodge*, 15 Gray, 547.

*S. C. Bancroft*, for the plaintiff. 1. The district court, sitting in admiralty, is a court of record.

2. At the time when the defendants received the money from the owners, the plaintiff was a citizen of Maine; and that time should be considered the date of the contract.

WELLS, J. The district courts of the United States are courts of record by the character and manner of their establishment and organization. It is as courts of record that they exercise jurisdiction in admiralty. We do not think there is anything in the nature of the jurisdiction exercised, which necessarily marks them as courts of record for one class of cases and not of record for another class.

The decree of the district court upon which this suit is brought, is that this plaintiff, as one of the libellants in that case, "recover against the respondents" therein, who were the same persons as these defendants, salvage to the amount of $3000. That is, for all purposes, a judgment against those parties.

The ruling of the court below was right upon these two points.

The court also ruled that the discharge of the defendant under the law of Massachusetts for the relief of insolvent debtors was no bar to the action unless the plaintiff had his domicil within this Commonwealth at the time proceedings in insolvency were commenced. This ruling was wrong.

The evidence tended to show that, at the date of the judgment, which was the cause of action, and for more than a year subsequent thereto, the plaintiff had his domicil in Massachusetts, where the defendant then and ever since has resided. According to the decision of this court in *Stoddard* v. *Harrington*, 100 Mass. 87, his removal to another state would not deprive the courts of this state of their jurisdiction over the contract, and a discharge would be valid.

The plaintiff contends that the verdict is right nevertheless, because it appears, (from the record of the judgment in the district court, as we suppose,) that at the time the original cause of action arose the plaintiff was a citizen of the state of Maine. But that fact, if true, forms no part of the case presented here by the bill of exceptions ; and no question is properly before us in regard to it. *Exceptions sustained.*