## WILFRED FOOTE AND ANOTHER *vs.* CLEMENT PERCY AND ANOTHER.

Equity will not aid a debtor to avail himself of a discharge under the insolvent law, of which he could not avail himself at law.

An insolvent obtained a discharge in the year 1857 under the state law then existing, from all debts founded on contract and originating after the passage of the law, and which existed on the 2d day of February, 1856, the date of his assignment in insolvency. The respondents, creditors whose claim was of a character to be discharged, while the insolvent proceedings were pending, and with full knowledge of them, brought suit and obtained a judgment against the insolvent before the discharge was granted. On a bill for an injunction against the prosecution of an action of debt afterwards brought on this judgment, on the ground that the discharge did not legally embrace the judgment and that the petitioner was therefore without defense at law, but equitably entitled to avail himself of the discharge—it was held that a court of equity ought not to interfere.

An assignment of error that the court upon the facts should have passed a decree for the petitioner and not for the respondent, is insufficient.

PETITION for an injunction against the taking out and levying of an execution on a judgment obtained by the respondents against the petitioners; brought to the Superior Court in New Haven County, and heard before *Phelps, J.*

The petition alleged that the petitioners on the 2d day of February, 1856, made an assignment of all their property for the benefit of their creditors under the insolvent law of the state, and on the 13th day of February, 1857, obtained under the then existing law a full discharge by the court of probate from all their indebtedness existing on the 2d day of February, 1856, and which was founded on contract and contracted since the passage of the law under which the discharge was granted; that the respondents held at the time a claim against them founded on contract, and which originated after the passage of the statute referred to; that while the proceedings were pending in the court of probate and with full knowledge of the same, and before the decree of discharge was granted, the respondents, with a fraudulent intent to deprive the petitioners of the benefit of the discharge, brought a suit upon their claim in the Superior Court for the county of Litchfield and obtained judgment against the petitioners for the full amount of their claim and costs, and that they had since brought an action of debt on that judgment which was then pending in court, against which they had no defence at law; that the decree of the probate court was in equity a full and perfect discharge from that portion of the judgment of the respondents which consisted of the indebtedness recovered in the suit, and also in view of the facts, of the costs recovered therein, but that the decree was not technically and at law a discharge of the judgment, since the same did not exist as a judgment until after the 2d day of February, 1856; and praying the court to order that the respondents be permanently enjoined from pursuing their suit, and from collecting or endeavoring to collect the original judgment; and that the decree of the probate court be a full discharge of the original judgment, and that the judgment be cancelled; or, if the

court should consider that the discharge should not affect the costs recovered in the original judgment, that then the petitioners have leave to pay the costs and that thereupon the judgment should be cancelled.

The answer alleged that since the petition was brought the respondents had obtained judgment in their action at law, but that the court had ordered a stay of execution until the court before which the present petition was pending had passed a decree in the case. The other facts, with the exception of fraud in procuring the original judgment, which the petitioners had averred in their bill, the answer admitted, but denied that the petitioners were entitled thereon to the equitable relief sought.

The Superior Court dismissed the bill, and the petitioners brought the record before this court by a motion in error.

The original assignment of error was merely that the court erred in not rendering judgment and passing a decree for the petitioners instead of the respondents upon the facts alleged and admitted.

*Mr. Cothren*, for the respondents, when the case came up for argument in this court, took a preliminary objection, that the assignment of error was too general, and therefore insufficient. The objection was sustained by the court, but *Mr. Cothren* consented to a correction of the assignment, and the argument proceeded.

*Ives*, for the plaintiffs in error..

The petitioners having obtained a legal discharge of the original debt due from them to the respondents, it should in equity be deemed a discharge of the judgment obtained thereon by the respondents, at least to the extent of the original indebtedness. *Waterman* v. *Curtis*, 30 Conn., 135. Equity often interferes where the law by reason of its universality works injustice. "It looks at the *substance* and not at the *form*." *Baldwin* v. *Norton*, 2 Conn., 164. Where justice requires it, a debt that has been satisfied at law is recognized as a subsisting debt. *Pitkin* v. *Spencer*, 16 Conn., 125. The petitioners have done nothing, and suffered nothing to be

done which they could have prevented, to deprive themselves of the privileges of the insolvent law, one of which was a discharge from the respondents' claim against them. If the petitioners have made a mistake of law in suffering the respondents to obtain a judgment against them after their assignment and before their discharge, equity will relieve them. *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn., 529; *Stedwell* v. *Anderson*, 21 id., 139; *Bull* v. *Allen*, 19 id., 101; *Northrop* v. *Graves*, id., 548. But there was no provision in the insolvent law of 1853 by which the respondents' suit could be continued, and there was no defense to it, so that the petitioners are not in fault in suffering what they could not have prevented. In the present case the original claim of the respondents was changed by the judgment recovered in its form alone; its substance was not affected, and equity, looking at the substance and disregarding the form, must find, if true to its own principles, that the respondents' real claim against the petitioners was cancelled by the petitioners' discharge. "Equality is equity." It will be unequal and inequitable for the respondents to appropriate to themselves all the petitioners' assets, leaving nothing for the petitioners' other creditors, who, unlike the respondents, gave credit to the petitioners on the strength of the assets which the respondents have attached. 1 Story Eq. Jur., § 64 *f*. The intervention of the respondents' judgment between the time of the petitioners' assignment and their discharge was an *accident*—an unforeseen event not resulting from any negligence or fault of the petitioners; and therefore the petitioners are entitled to the equitable relief prayed for in their petition. 1 Story Eq. Jur., § 78.

*Cothren*, for the defendants in error.

FOSTER, J. On the second of February, 1856, the plaintiffs made an assignment in the court of probate for the district of New Haven, under our statute for the benefit of their creditors, and on the 13th of February, 1857, they obtained the usual discharge. The defendants during the progress of these proceedings, obtained a judgment against the plaintiffs

in 1856, at the September term of the Superior Court for the county of Litchfield, for the sum of $492$\frac{13}{100}$ debt, and $16$\frac{96}{100}$ costs of suit. In 1868, at the April term of the Superior Court for the county of Litchfield, the defendants brought an action of debt against the plaintiffs on this judgment, and on certain facts found the question as to what judgment should be rendered was reserved for the advice of this court. See *Percy* v. *Foote*, 36 Conn., 102. The Superior Court was advised to render judgment for the plaintiffs in that suit, the defendants in the present suit. This judgment has been rendered and execution stayed until a decision shall be had and a final decree passed upon this bill. The court below refused to grant an injunction to restrain the defendants from taking out execution on the judgment, or enforcing the same in any manner, and rendered judgment for the defendants, dismissing the bill.

Is this decision erroneous?

We are clearly of opinion that it is not. In the case of *Waterman* v. *Curtis*, 30 Conn., 135, as well as in the case of *Percy* v. *Foote*, above quoted, the questions here involved were considered by this court and substantially settled. Those, it is true, were actions at law, while this is a bill in equity. But we can give no countenance to the idea that our statutes regarding the discharge of insolvent debtors are to receive one construction at law and another in chancery. The relief which the law gives to honest insolvent debtors should be fully and freely awarded. The mode and measure of that relief belong to, and are among the highest prerogatives of, the legislative power. By that power, not by the judiciary, must that relief be defined and determined. Paying a debt is performing a contract. The constitution of the United States imposes a check even on state legislation, by inhibiting the passage of any law impairing the obligation of contracts, and that perhaps should admonish us to hesitate before extending our insolvent laws, by some fancied equitable construction, beyond their fair legal intent and meaning. We must leave the party where the law leaves him, discharged if the law discharges him; if not, equity can not be invoked

to pronounce done, what the law has decided to be undone. Equity indeed requires a man to pay his debts, if he has the means to pay them, and equity is not eager to accept anything short of actual payment as a discharge of the obligation.

There is no error in the decision complained of, and the judgment below is affirmed.

In this opinion the other judges concurred; except SEYMOUR, J., who having been consulted while at the bar in another case between the same parties involving the same controversy, did not sit.