ALVIN BLODGETT *et al. vs.* GEORGE R. SLEEPER.

Waldo. Decided July 3, 1877.

*Partnership.*

A partner has no right to draw a firm order on a debtor to the firm in payment of his own private debt, without the assent, express or implied, of his copartner.

But the money received on such order cannot be recovered in the name of the firm.

Whether, in such case, an action at law could be maintained in the name of the innocent partner; and, if it could, whether the writ could be amended under Stat. 1874, c. 197, *quære*.

ON REPORT.

ASSUMPSIT for money had and received, to recover for two orders, one of $25 and another of $35, drawn by one of the nominal plaintiffs, De Proux, in the firm name of Blodgett & Co. on two debtors to the plaintiff firm in payment of De Proux' private debt to the defendant. Plea, never promised.

Blodgett testified that the order was drawn and the money applied without his knowledge or assent; De Proux testified to the contrary.

*Emery Boardman,* for the plaintiffs.

*W. H. Fogler,* for the defendant.

VIRGIN, J. De Proux had no right to draw the orders on the debtors of the firm of which he was a member, in favor of the defendant, without the assent, express or implied, of his copartner. By so doing he applied the effects of the partnership in payment of his own private indebtment, in fraud of his copartner. *Stearns* v. *Burnham,* 4 Maine, 84. And we are not satisfied by the reported evidence that he ever had any such assent, or that his copartner ever adopted or ratified the transaction. To be sure there were some instances of both partners paying their small individual debts from the assets of the firm. But while the law does not require such payments to be so frequent and uniform as to amount to a usage before assent can be rightfully inferred therefrom, (*Darling* v. *March,* 22 Maine, 184) the rule is too important to the commercial world to allow its practical nullification by drawing such an inference from slight and inconclusive facts.

But this action cannot be maintained in the name of both of these plaintiffs to recover the money received on the orders, because of the necessity of setting up the fraudulent misapplication of the partnership assets on the part of one of the plaintiffs. *Homer* v. *Wood,* 11 Cush. 62. *Farley* v. *Lovell,* 103 Mass. 387. These cases we consider decisive of the case at bar.

Whether an action at law could be maintained in the name of the innocent partner without the joinder of De Proux, is not now before us. Or, if it could, whether the writ could be amended under Stat. 1874, c. 197, by striking out the name of

De Proux, we are not called upon to decide, since no such motion was submitted at *nisi prius*.

*Plaintiffs nonsuit.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.

LIBBEY, J., concurred in the result.