WILLIAM H. MURPHY & another *vs.* EDWIN MANNING.

Middlesex.  Feb. 1. — March 3, 1883.  FIELD & W. ALLEN, JJ., absent.

An action upon a judgment recovered in this State against a resident thereof, on a debt due to a resident of another State, is not barred by a discharge in insolvency granted here on proceedings begun after the judgment was rendered, if the original debt would not have been discharged.

HOLMES, J.  This is a suit on a Massachusetts judgment. The defence is a discharge in insolvency granted in this State on proceedings begun after the judgment was rendered. The plaintiffs were New Jersey creditors of the defendant, (a resident of Massachusetts,) and it is not denied that the original debt would not have been discharged.  *Ilsley* v. *Merriam*, 7 Cush. 242.  *Kelley* v. *Drury*, 9 Allen, 27.  But the distinction is taken, that, as the plaintiffs in this case have elected to merge their debt in a Massachusetts judgment, that judgment at all events must be subject to the state laws, and is disposed of by the discharge.  A very forcible argument may be made in favor of such a view, but we think that there are stronger considerations on the other side, which is also supported by the weight of authority.

*Kelley* v. *Drury* establishes that our insolvent laws do not shut out parties whose claims are not subject to or discharged by them from access to our state courts.  We may say more

broadly that the Legislature has not shown an intention to adopt a local rule as to the procedure within its control, except so far as it has power to dispose of the substantive rights in aid of which the procedure is set in motion. We are speaking, of course, of the statutes affecting the present decision. It follows that, unless the original debt is merged in the judgment in such a sense that the debt, and not merely this form of it, has become subject to Massachusetts law, we must attribute the same validity to the judgment that remains to the debt. We think that the debt is not affected in this respect by the judgment. A judgment does not obliterate the essential features of the obligation on which it is rendered. *Betts* v. *Bagley*, 12 Pick. 572, 580. For instance, when, by reason of the insolvent laws, execution upon a former judgment could have issued only against the estate, and not against the body, of the defendant, execution upon a second judgment recovered upon the first was limited in the same way. *Choteau* v. *Richardson*, 12 Allen, 365. So, the antecedent equities of a surety continue unchanged by a joint judgment against him and his principal; and conduct on the part of the creditor which would have discharged him before will discharge him afterwards. *Carpenter* v. *King*, 9 Met. 511, 516. Conversely, here, the plaintiffs' claim before judgment, not being subject to discharge by our laws, did not lose that characteristic and become more infirm by the change, upon any ground of the substantive law.

We think that the weight of authority is in favor of our conclusion, notwithstanding the dicta in *Ogden* v. *Saunders*, 12 Wheat. 213, 363, 364, and *Towne* v. *Smith*, 1 Woodb. & M. 115, 123. See *Watson* v. *Bourne*, 10 Mass. 337; *Whitney* v. *Whiting*, 35 N. H. 457; *Poe* v. *Duck*, 5 Md. 1. See also *Brown* v. *Bridge*, 106 Mass. 563, where the implication is, that, if the plaintiff had not been domiciled in Massachusetts when he recovered the judgment sued upon, it would not have been discharged by the subsequent discharge in insolvency.

This court having deferred to the authority of *Baldwin* v. *Hale*, 1 Wall. 223, in *Kelley* v. *Drury*, *ubi supra*, it is proper to add that the reasoning of that case applies to the one before us with almost, if not quite, the same force as to *Kelley* v. *Drury*. The debt is still due to citizens of another State, who remain as

independent of its jurisdiction and as inaccessible to notice of its proceedings as ever. They were no more bound to resort to Massachusetts in order to get the fruits of their judgment after it was recovered, than they were to go there in the first instance to collect their debt.                *Judgment for the plaintiffs.*

*A. G. Lamson,* for the defendant, cited *Hempstead* v. *Reed,* 6 Conn. 480 ; *Anderson* v. *Wheeler,* 25 Conn. 603 ; *Waterman* v. *Curtis,* 30 Conn. 135 ; *Percy* v. *Foote,* 36 Conn. 102 ; *Felch* v. *Bugbee,* 48 Maine, 9 ; *Whitney* v. *Whiting,* 35 N. H. 457, 462 ; *Goodsell* v. *Benson,* 13 R. I. 225 ; *Stoddard* v. *Harrington,* 100 Mass. 87.

*E. B. Callender & J. F. Shea,* for the plaintiffs.