## MORRILL *v.* MERRILL.

An insolvency assignee of a partnership has no possessory lien on a physician's sleigh for repairs made upon it by the firm, and paid for, in the execution of an agreement between the firm and the physician that his services, to be rendered for one of the partners, should be applied in payment of the repairs to be made by them.

REPLEVIN, for the plaintiff's sleigh. Facts found by the court. The Concord Carriage Company was a partnership consisting of Worthington and two others. The partners had an understanding, frequently acted upon, that each might contract for work to be done by the firm in payment of his separate debts. There was an agreement between the plaintiff and Worthington, assented to by the other partners, that medical services, to be rendered by the plaintiff for Worthington, should be applied in payment for carriage-work to be done by the firm for the plaintiff. Under this agreement the plaintiff performed services for Worthington, and the firm did the plaintiff's carriage-work. Under the same agreement the plaintiff sent his sleigh to the company to be repaired and painted, and the order for the work was entered on the company's book. When the sleigh had been repaired, but not painted, the company made an insolvency assignment to the defendant; and he, finding the order on their book, painted the sleigh without the plaintiff's knowledge. Worthington was then indebted to the plaintiff, under the agreement, more than the amount of the repairs and painting. All parties acted in good faith. The plaintiff demanded the sleigh, and the defendant refused to give it up, claiming a lien for the repairs and painting.

*R. E. Walker*, for the plaintiff.

*S. C. Eastman*, for the defendant.

DOE, C. J. The defendant, as assignee of the firm, claims a lien, enforcible without legal process, for repairs made by the firm on the plaintiff's sleigh. The defendant admits that the firm had no lien because the agreement provided means of payment inconsistent with such security (*Stillings* v. *Gibson*, 63 N. H. 1, 2), and that their creditors had no lien. The plaintiff had paid for the repairs by rendering services according to his contract with the firm, and they had no cause of action against him, and no lien. Their creditors had not a bailee's common-law lien enforcible on the plaintiff's sleigh without legal process. And whatever rights of action and attachment may be vested in the assignee as the representative and trustee of the firm and their creditors (*Whitney* v. *Dean*, 5 N. H. 249, *Russell* v. *Convers*, 7 N. H. 343, *Badger* v. *Story*, 16 N. H. 168, 177, *Holton* v. *Holton*, 40 N. H. 77, *Lovett* v. *Brown*, 40 N. H. 511, *Kidder* v. *Page*, 48 N. H. 380, 384, *Caldwell* v. *Scott*, 54 N. H. 414, 418, *Parker* v. *Bowles*, 57 N. H. 491, *Chase* v. *Bean*, 58 N. H. 183, *Farwell* v. *Metcalf*, 63 N. H. 276, *Freeland* v. *Freeland*, 102 Mass. 475, *Farley* v. *Lovell*, 103 Mass. 387, *Locke* v. *Lewis*, 124 Mass. 1, *Cotzhausen* v. *Judd*, 43 Wis. 213), he did not, by the assignment, acquire against the plaintiff a possessory lien that did not exist before the assignment. Other objections made by the plaintiff to this part of the defendant's

claim need not be considered. By painting the sleigh, the defendant acquired no cause of action against the plaintiff. There was no privity of contract between them, and no debt to be secured by a bailee's lien.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.