LEANDER STONE *vs.* WILLIAM L. WAINWRIGHT & others.

Suffolk.    March 16, 1888. — June 19, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Judgment in another State — Joint Contractor — Service of Process.*

The judgment of a court of another State on a note against five makers jointly, one of whom lives in this Commonwealth and was never served with process there, is no bar to an action against him here on the note, although the judgment was in accordance with the law of that State.

HOLMES, J.    This is an action of contract upon four promissory notes, brought by the payee against the five makers, who were copartners under the name of the Olympian Roller Skating Club. Two only of the defendants, Wainwright and Noble, were within the jurisdiction, or were served. These defendants set up a judgment recovered in New York as a bar. The New York judgment was rendered against all five ; but the defendant Wainwright lived in Massachusetts, and was never served with process in New York. The New York summons and complaint were served upon him in Boston, in pursuance of an order of one of the justices of the New York court. In the present action the court found for the defendant Noble, but declined to rule that Wainwright was entitled to judgment, or that his liability was to be determined by the common law, and found against him. The case comes up on Wainwright's exceptions to the refusal to rule as stated.

In the absence of any evidence of the New York statutes, the New York judgment would be no bar to the present suit against Wainwright, because it would be void as against him for want

of jurisdiction; and being a joint judgment, it would be void altogether. *Knapp* v. *Abell,* 10 Allen, 485, 490. *Wright* v. *Andrews,* 130 Mass. 149, 151.

In our opinion the sections of the New York code put in evidence do not change the result. §§ 438–445, 1932–1938, 1946. By § 1932, the plaintiff, in an action against defendants jointly indebted upon a contract, may proceed against the defendants served with process, and, if he recovers, may take judgment against all the defendants. By § 1933, when such a judgment is taken against a defendant upon whom the summons was served without the State, pursuant to an order for that purpose, it has the effect specified in § 445, by which the defendant, upon good cause shown, and upon just terms, may be allowed to defend after final judgment, within certain times limited. And § 1933 further provides that, as against such defendant who is allowed to defend after judgment, the judgment is evidence only of the extent of the plaintiff's demand, after the liability of that defendant has been established by other evidence.

We see no reason to doubt, and we assume, that this case was one in which §§ 438 *et seq.* purported to authorize service without the State by order, that § 1932 purported to authorize the judgment against all the defendants, including Wainwright, and that the judgment had the effect above stated, so far as the statute could give it that effect.

At the same time, it is very plain that the judgment against Wainwright would not be recognized outside of New York if a suit were brought upon it, and it can have no greater effect as a bar than it would have as a cause of action. It would be a singular conclusion, that, because a record established Wainwright's liability in New York, he was not liable anywhere else in any form of action.

If all the defendants in an ordinary action at law live out of the State, and none of them are served with process or voluntarily appear, it is settled that a judgment against them is only valid so far as to warrant the application of property attached to its satisfaction, and will have no general operation *in personam,* even in the State where it is rendered. Statutes cannot confer jurisdiction over persons not subject to the legislative power. *Eliot* v. *McCormick,* 144 Mass. 10. *Freeman* v. *Alderson,* 119

U. S. 185. *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 66 Md. 511.

It is only by very subtle reasoning that the fact that the New York court had power to enter judgment against the other defendants could be held to enlarge their power against Wainwright, even so as to give the judgment against him a local validity. Clearly the judgment can have no force against him outside of the State. The result is the same, whether the judgment be pronounced void as against Wainwright, and therefore void as against all, notwithstanding the statute, or whether, since it is in statutory form, it be held valid as against those with whom the statute had power to deal. In either view it cannot bar a suit against Wainwright on the notes.

For if the judgment be held valid against the defendants who were within the jurisdiction, the judgment is in effect (at least outside the State of New York) a judgment against those defendants only, although in form it also embraces Wainwright. By immemorial practice, founded on necessity, and embodied in a declaratory statute in this Commonwealth, if an action of contract is brought against several defendants, some of whom cannot be served, by reason of their absence from the State, the action may proceed against those who are duly served. But when a judgment is taken for this reason against less than the whole number of joint contractors, an action on the same contract may be maintained afterwards against any of those not served. Pub. Sts. c. 164, §§ 14, 15. Rev. Sts. c. 92, §§ 12, 13, Commissioners' note. *Tappan* v. *Bruen*, 5 Mass. 193, 196. *Olcott* v. *Little*, 9 N. H. 259. *Rand* v. *Nutter*, 56 Maine, 339.

It follows from the same necessity, and has been settled by repeated decisions, without the aid of statute, that similar judgments in other States can have no greater effect in barring an action here. *Shirley* v. *Shattuck*, 13 Met. 256, 260. *Odom* v. *Denny*, 16 Gray, 114. *Knapp* v. *Abell*, 10 Allen, 485, 490. *Dennett* v. *Chick*, 2 Greenl. 191.

*Exceptions overruled.*

*W. C. Cogswell*, for Wainwright.

*F. A. P. Fiske*, (*W. C. Wait* with him,) for the plaintiff.