### EDMUND BRICKETT *vs.* WILLIAM H. DOWNS.

Middlesex.    November 16, 1894. — February 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Partnership — Fraud — Action by Assignee in Insolvency — Statute.*

The reception of property of a partnership from one of the partners in payment of his personal debt, without the consent of his copartner, is a fraud upon the partnership and is void against the other partner, and the latter, having succeeded to all the rights of the assignee in insolvency and of the firm, is free from the embarrassment which would attend an attempt by the members of the firm to maintain an action jointly in their own names, and may, under Pub. Sts. c. 157, § 109, recover the full amount of the debt, as the assignee could have done if it had not been sold.

CONTRACT, for coal sold and delivered by the firm of Shorey and Brickett to the defendant. Answer: 1. A general denial. 2. Payment.

At the trial in the Superior Court, without a jury, before *Sheldon,* J., there was evidence tending to show that the plaintiff and Charles E. Shorey were copartners in Lowell in the coal

business; that the defendant was a dentist practising in the same city; that Shorey and Brickett went into insolvency, and an assignee was appointed; and that, after the usual course in insolvency, the assignee sold the books and accounts of the firm to the plaintiff, who sued the defendant in the present action, under the provisions of Pub. Sts. c. 157, § 109.

Brickett testified that he took the order for one ton of coal from the defendant by telephone. The defendant testified that he had no recollection of this; that he ordered coal personally from Shorey; and that Shorey was having teeth fixed in the defendant's office, and proposed that the defendant take coal in part payment for dental work done and to be done for Shorey and his family by the defendant, and the defendant assented. At that time Shorey owed the defendant from twenty-three to twenty-seven dollars, and the defendant soon afterwards did work that increased the bill to thirty-eight dollars and seventy-five cents. The defendant also testified that he received the coal in part payment of his bill for dental work; that he saw the books of account of Shorey and Brickett, and he thought that credit was given him for the dental work on those books, and that his account was balanced thereon. He further testified that he knew that the coal came from Shorey and Brickett, and knew that Shorey was a partner in the firm.

Shorey testified that he delivered coal, as per agreement, to the amount of twenty-four dollars and sixty-five cents, in part payment of the defendant's dental bill, then amounting to twenty-seven or twenty-eight dollars; that he drew off a series of accounts for Shorey and Brickett's clerk to charge off to himself, and supposed the defendant's account was among them; that he thought the account between the defendant and himself was fully settled; and, although he had no distinct recollection of giving a receipted bill to the defendant, yet he thought he did, and had no recollection of taking a receipted bill from him.

The plaintiff testified that he never knew about the arrangement made by Shorey with the defendant until he heard the defendant testify to it.

The defendant asked the judge to rule that, on the evidence, the plaintiff could not recover. The judge refused so to rule,

said that there was no evidence of actual fraud on the part of the defendant, and ruled, as requested by the plaintiff, that, if Shorey, a member of the firm of Shorey and Brickett, and the defendant, without the knowledge or consent of Brickett, agreed that the defendant, a dentist, should buy coal from the firm, and pay therefor with professional services to be rendered Shorey or his family, and the coal declared on in this action was delivered thereunder to the defendant without any knowledge of said agreement on the part of Brickett, or his assent thereto, and dental services to an amount equal to or exceeding the price of the coal were so rendered Shorey or his family, then the agreement was a fraud on the firm, the dental services were no defence to the action, and the plaintiff could recover. The defendant alleged exceptions.

*G. W. Poore*, for the defendant.

*C. H. McIntire*, for the plaintiff.

KNOWLTON, J. The arrangement made between the defendant and Shorey, a member of the firm of Shorey and Brickett, that the coal delivered to the defendant by Shorey and Brickett should be paid for by setting off the private debt of Shorey to the defendant, and the settlement made on this basis between Shorey and the defendant without the knowledge of Brickett, were a fraud upon the firm, and are of no effect as against the plaintiff. The finding of the judge, that there was no evidence of actual fraud on the part of the defendant, must mean that there was no evidence of a wrongful purpose, but only evidence of the legal fraud set out in the bill of exceptions. The facts proved are *prima facie* evidence of fraud upon the partnership, which requires a finding in favor of the plaintiff, unless facts or circumstances are shown which might justify the defendant in believing that the settlement was authorized expressly or impliedly by the other partner. To receive property of a partnership from one of the partners in payment of his personal debt, without the consent of his copartner, is no less a fraud upon the partnership than to pay a debt due the firm by doing or furnishing something for the personal benefit of one of its members. Such an arrangement accompanying the receipt of partnership property would be void against the other partner, and would leave the party receiving the property liable upon an

implied contract to pay the firm its value. *Homer* v. *Wood*, 11 Cush. 62. *Williams* v. *Brimhall*, 13 Gray, 462. *Tay* v. *Ladd*, 15 Gray, 296. *Farley* v. *Lovell*, 103 Mass. 387. *Locke* v. *Lewis*, 124 Mass. 1.

The reasons for holding that the plaintiff could not maintain his action in *Homer* v. *Wood*, *ubi supra*, do not apply to this case. This plaintiff, in order to maintain his action, is not obliged to set up the fraud of a person joined with him as co-plaintiff on the record. He succeeds to all the rights of the assignee and of the firm, and he is free from the embarrassment which would attend an attempt by the members of the firm to maintain an action jointly in their own names. By Pub. Sts. c. 157, § 109, it is expressly provided that "suits upon claims sold by assignees shall be brought in the name of the purchasers." The defendant's settlement with Shorey being ineffectual to bar the debt, the plaintiff can recover the full amount of the debt, as the assignee could have done if it had not been sold.

*Exceptions overruled.*