G. F. GROVER & others *vs.* HARRY P. SMITH.

Suffolk.   November 21, 1895. — January 3, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Goods sold — Partnership — Vendor and Vendee — Action — Tender.*

If goods of a partnership are sold under an arrangement, made between the mana-
ging member of the firm and the vendee, that a certain portion of the price fixed
shall be applied to a private debt owed by the former to the latter, an action
cannot be maintained by the members of the partnership to recover of the ven-
dee such portion of the price, the rest having been paid; and it is immaterial
whether or not the vendee acted in good faith.

A plea of tender in an action for goods sold is bad, if not made until after an appeal
from the judgment of the court where it was originally brought.

HOLMES, J.   This is an action of contract brought by the
members of a partnership for goods sold to the defendant.   The
goods were sold under an arrangement, made between the man-
aging member of the firm and the defendant, that one quarter of
the price fixed should be applied to a private debt owed by the
former to the latter.   It is this part which now is sued for.
The rest has been paid, except twelve dollars and nineteen
cents, as to which the only question is one of tender.*

The case is governed by *Homer* v. *Wood,* 11 Cush. 62, which
is stronger than this.   There the claim of the firm, which one
partner had undertaken to set off against his own debt, was pre-
existing, so that his transaction was only an unauthorized at-
tempt to discharge a valid claim, yet it was held that he could
not rescind his own act, and that as he necessarily was one of
the plaintiffs, they could not recover.   Here the original terms on
which the defendant accepted the goods were as we have stated,
and the plaintiff who made the contract, at least, cannot re-
cover on a different contract from the one he made.   It is true

---

* The action was brought originally in the Municipal Court of the city
of Boston, from the judgment of which an appeal was taken to the Superior
Court, where the following motion by the defendant to amend his answer
was allowed and filed : " And the defendant says that on the 12th June,
1888, he tendered to the plaintiff in said cause the sum of $13.80."

that the agreed facts do not expressly state that the defendant acted in good faith, but that is immaterial. *Farley* v. *Lovell*, 103 Mass. 387.

The plea of tender is bad. *Brickett* v. *Wallace*, 98 Mass. 528.

*Judgment affirmed.*

*P. B. Kiernan*, for the plaintiffs.

*S. W. Creech*, for the defendant, submitted the case on a brief.