## L. W. CHASE & others *vs.* JOHN J. HENRY.

Essex.    November 6, 1895. — October 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action upon a Debt due a Partnership after the Debtor has received his Discharge in Insolvency.*

A discharge in insolvency under the laws of this Commonwealth is not a bar to an action upon a debt due a partnership, one member of which never was a citizen or resident of this Commonwealth. FIELD, C. J., ALLEN, & HOLMES, JJ., dissenting.

CONTRACT, for the price of goods consigned by the plaintiffs to the defendant to be sold by him on commission. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiffs are entitled to recover the amount, with interest from the date of the writ, unless a discharge, granted to the defendant by the Court of Insolvency for Norfolk County, is a defence to the action. Said court had jurisdiction of the defendant, who filed a petition therein on March 5, 1894. A proposal for composition, whereby unsecured creditors were to receive twenty-five cents on the dollar, was confirmed by the court, and on May 23, 1894, it granted to him a discharge. The petition was filed after the claim of the plaintiffs became due and payable. The regularity of the proceedings in the case are not disputed by the plaintiffs, who claim that the discharge is not a defence to the action. The plaintiffs had due notice of the proceedings in the Court of Insolvency, and did not prove, or offer to prove, any claim therein, but intentionally refrained from so doing. The plaintiffs, at all times herein referred to, were partners engaged in the business of manufacturing slippers at their factory in New Hampshire, and having as a usual place of business in Boston a store and office, where they kept their books of account and carried on their correspondence, made out all statements for all goods sold, and collected the proceeds of their sales, and settled their accounts.

This claim was a partnership claim for goods manufactured by the plaintiffs at their factory, for which goods they had no orders at the time, and which they shipped to the defendant at Boston to be sold by him on commission, the goods being invoiced from their Boston office. The defendant sold them and collected and retained the moneys for which they were sold, and the plaintiffs' claim has been in no part paid.

The plaintiffs Chase and Chamberlain at all said times were residents and citizens of Massachusetts, and the plaintiff Griffin at the time the partnership was formed was, ever since has been, and now is a citizen and resident of New Hampshire.

The case was argued at the bar in November, 1895, and afterwards was submitted on the briefs to all the judges.

*B. B. Jones*, for the plaintiffs.

*F. R. Hall*, for the defendant.

KNOWLTON, J. There has been some difference of opinion among learned judges in former years in regard to the extent to which State insolvency laws can be made applicable to debts con-

tracted and payable in the State where the insolvency proceedings are, when the creditor is, at the time of making the contract, or at the time of the insolvency proceedings, an inhabitant of another State. So far as insolvency proceedings assume to affect a resident of another State, they involve questions arising under the Constitution of the United States, the decision of which by the Supreme Court of the United States is authoritative and binding upon all the courts of the several States. The general doctrine stated by that court is that a discharge in insolvency granted by a State court is of no effect against a creditor residing in another State who does not submit himself to the jurisdiction of the court of insolvency, on the ground that as a non-resident he is not amenable in any way to the jurisdiction of the State in which the discharge is granted, and that the courts of such a State can do nothing that will affect his rights under contracts outstanding in his favor. If at the time of making the contract the statute is in force, and the parties are within the State where the proceedings in insolvency are subsequently had, and the contract is to be performed there, so that the statute does not impair the obligation of an existing contract, these facts are not enough to make a discharge effectual if the creditor is a resident of another State. *Baldwin* v. *Hale*, 1 Wall. 223. *Denny* v. *Bennett*, 128 U. S. 489. *Kelley* v. *Drury*, 9 Allen, 27. *Guernsey* v. *Wood*, 130 Mass. 503. *Phœnix National Bank* v. *Batcheller*, 151 Mass. 589. *Regina Flour Mill Co.* v. *Holmes*, 156 Mass. 11, 12. *Pullen* v. *Hillman*, 84 Maine, 129. *Norris* v. *Atkinson*, 64 N. H. 87. *Roberts* v. *Atherton*, 60 Vt. 563. So far as any of our earlier decisions are inconsistent with this doctrine they are overruled or modified by the controlling authority of the Supreme Court of the United States. See also *Pennoyer* v. *Neff*, 95 U. S. 714; *Freeman* v. *Alderson*, 119 U. S. 185; *Eliot* v. *McCormick*, 144 Mass. 10.

The intimations in some of the earlier cases in that court, that a discharge might be given effect in the courts of the State in which it was granted when it would be held invalid in the courts of other States and of the United States, have never been incorporated into the law, and our own decisions are to the contrary. *Kelley* v. *Drury*, 9 Allen, 27. *Murphy* v. *Manning*, 134 Mass. 488. *Phœnix National Bank* v. *Batcheller*, 151 Mass. 589.

In the present case, the plaintiffs are copartners engaged in

the business of manufacturing slippers in New Hampshire, and having a store and office in Massachusetts. Two of them are citizens and residents of Massachusetts; the other never resided in this Commonwealth. The defendant obtained a discharge in insolvency, but the plaintiffs never proved or offered to prove their claim. Under the rules of law to which we have referred, it is clear that if the plaintiffs had all been residents of Massachusetts the discharge would be a bar, and if they had all been residents of New Hampshire it would not. They were copartners, having a common interest in their claim. The cases go upon the ground that doing business and making contracts in this State give no jurisdiction to discharge a debt. As against the plaintiff Griffin, who resided in New Hampshire, the courts of Massachusetts could do nothing to impair his right to hold the debtor responsible for his debt. Looking to Griffin alone, his rights and property in the claim are precisely the same as if no insolvency proceedings had intervened. As we have already shown, our courts will recognize these substantive rights to the same extent as would the courts of New Hampshire or of the United States. As a member of the firm, he is entitled to have this debt collected if it can be, so that he may have it included in the assets which he will share. The fact that his copartners reside here gives no jurisdiction to our court to deprive him of his property. *Phelps* v. *Brewer*, 9 Cush. 390. *Stone* v. *Wainwright*, 147 Mass. 201. The fact that in suing upon his claim he must join his copartners is not a good reason for denying him the right to prosecute it. The determining point in reference to the question whether the discharge is a bar to the claim is the fact that, doing a part of his business in this Commonwealth and associating himself with partners who reside here does not operate to give the courts of our State jurisdiction to discharge a debt which is either partly or wholly his, unless he chooses to submit himself to the jurisdiction of the court by participation in its proceedings. In a case like this, the debt is an entirety. It is either discharged altogether or it remains unchanged. It cannot justly be held that the entire debt should be barred because two of the partners are residents of Massachusetts, and that these two should make up from their own property to the non-resident partner the share to which he is entitled. The

result is that, inasmuch as his rights cannot be affected, the debt as a whole cannot be affected by the discharge. We are of opinion that the entry must be,

*Judgment for the plaintiffs.*

HOLMES, J. I am unable to agree with the decision of the majority, and, as two other of the judges are of the same way of thinking, I deem it best to state the fact, and to give my reasons. The Commonwealth of Massachusetts at the time of the insolvency proceedings had jurisdiction, and, subject to the Constitution of the United States, had sovereign power, over the defendant and over the plaintiffs Chase and Chamberlain. As between those persons, it had the power and the constitutional right to declare all obligations which were entered into after the insolvent law was passed at an end when a discharge should be granted. Its power was derived from its power over the persons of the parties named, and could not be affected by the nature of the obligation, or by the fact that others also were interested in the obligation who were not within its power. Jurisdiction and sovereignty deal with persons and with all legal relations of persons, not with particular kinds of contracts. It is true that Massachusetts could not discharge the claim of a person outside its territory,— in this case the plaintiff Griffin. But that did not affect its power to discharge Chase and Chamberlain, who were within it. It may be that, if it did discharge them, the plaintiff Griffin cannot recover; but that is not because Massachusetts has dealt with his claim or has attempted to deal with it *ultra vires*, but because he cannot recover without joining others whose claim this State could deal with and has discharged. It seems to me an inversion to say that a jurisdiction otherwise perfect is defeated because of the secondary and indirect effects it may have on persons outside the jurisdiction. The true order of subordination appears to me the other way. In fact, in other cases,— for instance, divorce, — courts having jurisdiction of one party do not scruple to deal with obligations between that party and another out of the State, although logically the effect upon the rights of the other party in that case is direct. *Loker* v. *Gerald,* 157 Mass. 42, 45. 1 Bish. Mar. & Div. §§ 698–702, 837. See also *Blackinton* v. *Blackinton,* 141

Mass. 432, 435. It appears to me that the suggestion that the debt is an entirety is merely a *petitio principii* clothed in scholastic language. As a fact, in other cases the debt is not dealt with as an entirety. *Stone* v. *Wainwright,* 147 Mass. 201, 203.

One who accepts a promise jointly with others acquires a property which has the inherent vice that anything which disables his fellow contractees from suing will prevent his maintaining a suit. For instance, if one partner has set off his own debt wrongfully against a debt due the firm, the innocent partners cannot recover. *Homer* v. *Wood,* 11 Cush. 62. *Grover* v. *Smith,* 165 Mass. 132. So, " when once the statute [of limitations] runs against one of two parties entitled to a joint action, it operates as a bar to such joint action." *Marsteller* v. *M'Clean,* 7 Cranch, 156, 159. *Perry* v. *Jackson,* 4 T. R. 516. Freeman, Cotenancy, §§ 375–378. I presume it would make no difference that one of the parties lived out of the State. If the statute of limitations bars an action in such a case, I see no reason why the insolvent law should have a less effect.

I am authorized to say that the Chief Justice and Mr. Justice Allen agree with my view.