JAMES GRAY & others *vs.* RUFUS COOK.

Suffolk. March 19. — June 20, 1883. DEVENS & W. ALLEN, JJ., absent.

A writ of error will not lie for error in fact, which contradicts the record.
It is within the power of the Superior Court, after a rescript has been sent down by this court, affirming the judgment of the Superior Court for the plaintiff in an action at law pending in that court against several defendants, to allow the plaintiff to discontinue against one of the defendants, and to enter final judgment against the other defendants; and the exercise of such power is a matter of discretion, which will not be revised on a writ of error.

MORTON, C. J. This is a writ of error. The error assigned by the plaintiffs is, that in the original action the plaintiff therein discontinued against Sanger, one of the defendants, and took judgment against the other defendants therein, who are the plaintiffs in error.

The action was tried before a justice of the Superior Court without a jury, who found for the plaintiff, and ordered judgment for him against all the defendants, who were then defendants

of record, including Sanger, and then reported to this court certain questions of law which arose in the case. This court afterward sent down a rescript, in the usual form, affirming the judgment, which was filed in the Superior Court at April term 1882. See *Cook* v. *Gray*, 133 Mass. 106. The record of the Superior Court shows that at the same term, and after the rescript was filed, the plaintiff discontinued against the defendant Sanger, and against two other defendants who had died, and the court then entered final judgment against the remaining defendants, and also entered judgment in favor of Sanger for his costs of suit. The record is a statement of the acts of the court, and must be presumed to be made by its direction, under some general or special order. This record imports, and conclusively shows, that the discontinuance against Sanger was duly entered by the leave and with the sanction of the court, and the present plaintiffs cannot assign any error in fact which contradicts the record. *Riley* v. *Waugh*, 8 Cush. 220. Unless, therefore, there was error in law in permitting the plaintiff to discontinue against Sanger, this writ of error cannot be maintained. Upon this question we have no doubt.

Although a plaintiff may not, as matter of law, have the right to discontinue against any or all of the defendants, after he has opened his case for trial before a jury, or a court without a jury, it is clear that he may be permitted to do so by leave of court at any time before final judgment is entered. Pub. Sts. c. 167, § 42. Whether such leave shall be granted is a question within the discretion of the court, and the exercise of this discretion is not subject to revision by this court, upon a writ of error, or otherwise. *Haskell* v. *Whitney*, 12 Mass. 47. *Locke* v. *Wood*, 16 Mass. 317.

When questions of law are brought to this court from the Superior Court by report, exceptions, or appeal, the case remains in the Superior Court. The rescript from this court, though in the form of "judgment affirmed," does not operate as a judgment, or as an absolute order for judgment; the final judgment must be rendered by the Superior Court, and, until such final judgment is entered, that court has the power, within its discretion, to permit the plaintiff to discontinue against any or all of the defendants. *Terry* v. *Brightman*, 133 Mass. 536, and cases cited.

The proper place for the plaintiffs in error to object to the discontinuance was in the Superior Court, in which court is vested the discretion of allowing or disallowing it.

*Judgment affirmed.*

*E. Merwin,* for the plaintiffs in error.

*G. W. Park,* for the defendant in error.