### NATHANIEL E. TAFT *vs.* HERBERT B. CHURCH & another.

Worcester.        October 1, 1895. — October 19, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Power of Superior Court after Rescript to allow Discontinuance against one Defendant, and to order Judgment against the other Defendant, without amending Joint Finding.*

It is within the power of the Superior Court, after a rescript has been sent down by this court overruling the exceptions of one defendant and sustaining the exceptions of the other defendant, in an action pending in the Superior Court against them as partners, wherein the court found for the plaintiff, to allow the plaintiff to discontinue as to the latter defendant, and to order judgment against the former without amending the finding.

CONTRACT, against Herbert B. Church and Fred D. Goode, copartners under the name of Herbert B. Church and Com-

pany, upon a written agreement signed by Church in the firm name. After the former decision, reported 162 Mass. 527, overruling the exceptions of the defendant Church, and sustaining the exceptions of the defendant Goode, the defendants filed in the Superior Court motions for a new trial and in arrest of judgment. These motions came on to be heard before *Bishop*, J., who overruled them. The plaintiff thereupon, by leave of court, discontinued as to the defendant Goode; and the judge, without further hearing or finding, ordered judgment to be entered against the defendant Church. The defendants alleged exceptions.

*W. O. Kyle*, for the defendants.

*C. M. Thayer*, for the plaintiff, was not called upon.

FIELD, C. J. It was within the power of the Superior Court to allow the plaintiff to discontinue the action as to the defendant Goode. *Gray* v. *Cook*, 135 Mass. 189.

The contention of the defendants is that the finding should have been amended so as to show a finding against Church alone. In this case, as reported 162 Mass. 527, 533, it is said in the opinion: "Although the action is against two persons as partners, and one only is held liable, judgment may be entered against him alone, under the Pub. Sts. c. 171, § 5, and no amendment of the declaration is necessary." See *Wiggin* v. *Lewis*, 12 Cush. 486; *Downing* v. *Coyne*, 121 Mass. 347; *Merchants' Ins. Co.* v. *Abbott*, 131 Mass. 397, 407.

We see no necessity of amending the finding. On the whole record, it sufficiently appears that the finding stands against Church alone.

*Exceptions overruled.*