MAX GORDON & another *vs.* ISAAC ALBERT.

Suffolk. - January 20, 1897. — March 6, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Partnership — Release of Debt by one Partner — Action — Bar.*

A release by one partner of a debt due to the firm, after the debtor has notice of the dissolution of the firm and has been notified also that any settlement must be made with both partners together, is a bar to an action by both to recover the debt.

CONTRACT, by Max Gordon and Hyman Cohen, copartners under the firm name of M. Gordon and H. Cohen, upon an account annexed, to recover $221 for labor and materials. Writ dated October 9, 1895. The answer, among other defences, set up a release of the cause of action obtained from the plaintiff Cohen while the action was pending. Trial in the Superior Court, before *Sheldon,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiffs put in evidence the report of an auditor, to whom the case had been referred, of which the following are the material portions.

On August 22, 1895, the plaintiffs entered into a contract with the defendant to make certain alterations and repairs in a brick

dwelling-house owned by him. The plaintiffs were at that time copartners, and the contract was in fact executed in behalf of the firm, and was signed by both as a firm contract. The price agreed upon for the work to be done under the contract was $150.

On August 26, 1895, the plaintiffs began work in performance of the contract. They continued at work upon the building continuously until and including September 17. During that time they did a great deal of work not specified or called for in the written agreement. A principal question between the parties related to this additional work. The defendant contended that the plaintiffs agreed to do this extra work for the sum of $50 in addition to the original contract price, making $200 in all.

The auditor found that all work done by the plaintiffs and not mentioned in the contract of August 22 was extra work; that a part of this work the plaintiffs agreed to perform for $50; that for the other items they were entitled to recover a fair price; and that the prices charged by the plaintiffs in their account annexed were reasonable prices, subject to a deduction for unfinished and improper work.

The plaintiffs ceased to work on September 17, 1895; on that date they demanded payment from the defendant, who advanced a small sum, and they immediately placed the matter in the hands of an attorney, who made a further demand upon the defendant on September 18. The defendant contended at the hearing that the plaintiffs were not entitled to recover anything, because the work was abandoned in an unfinished condition, and also because mechanics' liens were claimed by certain workmen of the plaintiffs upon the building.

" In respect to the condition of the work, I find that on said September 17 there was a substantial performance by the plaintiffs of all work ordered by the defendant, whether under the contract or as extras, and the plaintiffs were entitled to compensation. There were some items of work left in an unfinished condition, or improperly done, and for these a deduction should be made. No satisfactory testimony was produced as to what would be a fair deduction for each item so left unfinished, but relying principally upon the estimate of a contractor called by

the defendant, I find that $60 would be a fair price to complete all unfinished work and put the whole job in a reasonably good condition.

"I annex a statement of the account between the parties, and I find, as shown in said account, that there was due to the plaintiffs from the defendant at the date of the writ the sum of one hundred and fifty-six (156) dollars with interest thereon from September 17th, 1895."

The release set up in this answer was put in evidence, and read as follows:

"Boston, Mass., Feb. 18th, 1896.

"I, Hyman Cohen, of the firm of M. Gordon and H. Cohen, carpenters and builders, of the said city and Commonwealth, upon consideration of the sum of $27.50, do hereby release and discharge all the claims entered against Mr. Albert of Chelsea, Mass., and the said amount is received in full payment and settlement up to date, to our firm.

"H. Cohen.

M. Gordon.          [Seal.]"

The release was executed on the day of its date by the plaintiff Cohen, in the absence of Gordon, and without Gordon's knowledge. Cohen received for the release a check for $27.50, payable to the order of M. Gordon and H. Cohen, which he indorsed and thereupon collected the money.

The defendant, at the time of the execution of the release, and as part consideration therefor, executed a similar release of all his claims against the firm, and at that time he had an action pending against the firm. The copartnership between Gordon and Cohen, which had existed but a short time prior to the contract with the defendant, was dissolved immediately after the work upon his house was completed. There has been no general settlement or accounting between the partners, and there was no agreement between them that either one should wind up the business, or should have control of the claim or suit against the defendant. There were disputes existing between them prior to the date of the release in regard to the partnership affairs, and Cohen kept the $27.50 under a claim that it rightly belonged to him.

At the date of the release the defendant knew that the part-

nership between the plaintiffs had been dissolved, and Gordon had given him notice that any settlement must be made with both partners together. He also knew that the settlement with Cohen was more favorable than he was likely to obtain from Gordon, but he acted for his own interest, and in the belief that he had a legal right to deal with Cohen, and that the release executed by Cohen would discharge him as against Gordon also.

" I find and report, in so far as the question is a question of fact, that the release is a bar to this action against both plaintiffs, and in consequence there is nothing due to the plaintiffs from the defendant.

"If, however, the court shall be of opinion that, upon the foregoing facts, the release is inoperative, the plaintiffs are entitled to judgment, but the defendant is entitled to an additional credit of \$27.50, the amount paid to the plaintiff Cohen for the release. Allowing this credit, the amount due to the plaintiffs is \$128.50, with interest from September 17, 1895."

Thereupon it was agreed by the parties that the following sentence in the auditor's report, " I find and report, in so far as the question is a question of fact, that the release is a bar to this action against both plaintiffs, and in consequence there is nothing due to the plaintiffs from the defendant," was merely a conclusion of law from facts previously found and stated in the auditor's report.

The plaintiffs claimed the right to go to the jury, but the judge directed the jury to return a verdict for the defendant; and the plaintiffs alleged exceptions.

*L. N. Bennett*, for the plaintiffs.

*A. T. Johnson*, for the defendant.

HOLMES, J. The only question before us is with regard to the effect of a release of a debt due to his firm by one partner after the debtor has notice of dissolution, and has been notified also that any settlement must be made with both partners together. The question hardly can be considered open under our decisions. Whatever the want of authority of one partner to represent the other under such circumstances, if he has an interest he cannot be hindered from releasing his own claim, as might be the case if he had sold out to his former associate and were a mere trustee. His right to release his own interest is

absolute, whatever his motive. A release disables him from maintaining an action, and the other cannot sue without him. *Homer* v. *Wood,* 11 Cush. 62. *Eastman* v. *Wright,* 6 Pick. 316, 323. *Farley* v. *Lovell,* 103 Mass. 387. *Grover* v. *Smith,* 165 Mass. 132. See *Phillips* v. *Clagett,* 11 M. & W. 84, 91, 92, 94; *Barker* v. *Richardson,* 1 Yo. & Jerv. 362, 366.

It is not necessary to consider whether, if the defendant made the settlement with fraudulent intent, the defrauded plaintiff could have relief in equity. He certainly could have none at law. *Exceptions overruled.*