CHARLES E. CUNNINGHAM, administrator, *vs.* GIDEON L. DAVIS & others.

Essex. November 8, 1899. — January 15, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Forcible Entry and Detainer — Guardian ad litem — Discontinuance — Right of Administrator to maintain Action — Mortgage — Foreclosure — Evidence — Payment — Limitation of Action — Instructions.*

If, while a case is pending in a police court, the attorney for the other defendants is appointed guardian *ad litem* to represent the interest of an insane defendant, in the absence of anything appearing to the contrary, it may fairly be assumed that in the proceedings in an appellate court he was acting in the same capacity, so far as the interests of that defendant were involved.

It is within the discretion of the judge, in an action on Pub. Sts. c. 175, for forcible entry and detainer, to allow the plaintiff to discontinue as to one of the defendants who is shown by the evidence not to have resided on the premises for several years before the trial.

The administrator *de bonis non* of the estate of a mortgagee of land may maintain an action on Pub. Sts. c. 175, for forcible entry and detainer, when the mortgage has been foreclosed by entry without the exercise of a power of sale.

A mortgage deed more than thirty years old is admissible in evidence without proof of its execution, although a witness is living and in court, and without proof of possession under it.

Upon a witnessed mortgage note, more than twenty years after it was due, was an indorsement signed by the payee of the receipt on a day named of a note for a certain sum, "being balance of the within note and interest to date"; and a new note bearing that date for the sum so named was signed by the mortgagor, payable in six years to the mortgagee, and witnessed. The first note showed no further payments, but there were two indorsements on the second note, the last one being within twenty years of the date of an action on Pub. Sts. c. 175, by the mortgagee to recover possession of the premises. As to this last indorsement the payee's daughter testified that she made it in the maker's presence at

the request of her mother, to whom the money was claimed to have been paid, the money being then on a table; but she did not testify to the amount of the money, and there was no other evidence that the maker knew the contents of the paper on which the indorsement was made, or that he ever saw it after it was made. A computation of the sum due on the first note showed that the sum named in the last indorsement thereon was a fair statement of the balance; and the second note and the mortgage were kept by the mortgagee. *Held,* that the indorsement on the original note was rightly admitted in evidence; and that the judge was justified in finding that the second note was a renewal of the balance due on the first note, and that the payment last indorsed on the second note was made in part payment of the mortgage debt.

After an entry to foreclose a mortgage, the mortgagor and those claiming under him become tenants at sufferance of the mortgagee, and in the absence of any evidence of an adverse holding they are assumed to hold under him, and their possession is his during the three years until the completion of the foreclosure.

An action on Pub. Sts. c. 175, for forcible entry and detainer, brought by the administrator of the estate of a mortgagee of the land before the expiration of three years from the foreclosure of the mortgage, is within the time prescribed by § 10.

A request for a ruling, which is not applicable to the facts appearing in the exceptions or to the state of the case as finally submitted to the court, is rightly refused.

ACTION on Pub. Sts. c. 175, brought on March 15, 1894, in the police court of Gloucester, by the administrator *de bonis non* of the estate of Oliver G. Lane, against Gideon L. Davis, Frederick M. Davis, and William F. Davis, to recover possession of certain premises in Gloucester. Trial in the Superior Court on appeal, without a jury, before *Lilley,* J., who allowed a bill of exceptions, in substance as follows.

The defendants were the sons of William Davis, who died in 1889 or 1890.

The defendant, Frederick M. Davis, was *non compos mentis* at and before the date of the writ, and so continuing while the case was pending in the police court, counsel for the other defendants was appointed in that court guardian *ad litem* of Frederick M. Davis upon motion of the plaintiff. Nothing was done in relation to his disability in the Superior Court.

The plaintiff contended that the premises in question were conveyed in mortgage by William Davis to the plaintiff's intestate, in 1859, to secure the payment of a promissory note for $550, made by Davis; and a promissory note and mortgage, each dated December 20, 1859, were produced by the plaintiff as the note and mortgage referred to, they having been found by him among the effects of the deceased.

Upon this note, which was payable in six years and witnessed, were several indorsements of payments of principal and interest, from February 9, 1861, to May 9, 1866, both inclusive, amounting to $289.75.

The plaintiff, for the purpose of proving his claim, offered in evidence the mortgage deed, which purported to be executed in the presence of two attesting witnesses, both of whom were defendants in this case, and one of them being the insane defendant mentioned above; but the plaintiff declined to call the other attesting witness for the purpose of proving the execution of the mortgage, although he was then present in court, contending that the mortgage, being more than thirty years old, proved itself. It did not appear that the mortgagee, or the plaintiff, or any one claiming under either, had ever been in possession of the premises in question.

The defendants objected to the introduction of the mortgage deed in evidence, on the ground that there was no legal proof of its execution, and that to entitle it to be admitted as evidence upon its mere production, and an offer of it in evidence, it must appear that it was followed by a possession under it; but the judge overruled the objection, and admitted the deed without further proof.

The plaintiff also introduced in evidence a certificate of foreclosure of the mortgage by open and peaceable entry, in August, 1888, in the presence of two witnesses, with a certificate of record in the registry of deeds thereon, within thirty days after the entry, such entry being twenty-nine years after the making of the mortgage and twenty-four years after the mortgage note fell due.

To rebut the presumption of payment arising from lapse of time, the plaintiff also offered in evidence the following indorsement on the mortgage note: "Received May 10th, 1866, a note for four hundred fifty-nine $\frac{79}{100}$ dollars being balance of the within note and interest to date, $459.79. O. G. Lane." This indorsement was not in the handwriting of William Davis, or of any of the defendants, and there was no evidence that the indorsement was ever known to any one of them. The plaintiff also offered in evidence another promissory note found among the effects of the intestate, of the same date and amount as the date and amount

named in the indorsement on the first note, payable in six years, and signed by William Davis and attested. On this second promissory note were two indorsements of payments of $100 each, on November 21, 1866, and on November 3, 1874, the latter being in the handwriting of one Charlotte A. Lane, a witness and a party in interest, being the daughter of the plaintiff's intestate. She testified that she made the latter indorsement on the back of the second promissory note in the presence of William Davis, at the request of her mother, to whom it was claimed the $100 was paid, the money being on the table between them when the indorsement was made; but the witness did not state the amount of money then on the table; and there was no other evidence that William Davis knew the contents of the paper upon which the latter indorsement was made, or that he ever saw the indorsement after it was made. There was no further evidence to show any connection between the two promissory notes or the considerations therefor.

To the introduction of all this evidence the defendants objected, on the ground that there was no connection shown between the second note and the original note, and that the indorsement on the back of the original mortgage note, whether in the handwriting of the payee or of any other person made without the knowledge of William Davis or of the defendants, would not be competent to prove that the second note was given in payment of the first or mortgage note, and objected to the admission of the indorsement on the mortgage note and its recital as incompetent for any purpose whatever; but the judge overruled the objection, and admitted the evidence.

It did not appear that any notice of the entry to foreclose, except the constructive notice afforded by the record, in the registry, was ever given to any of the defendants or their father, or that any of them knew of such entry before this action was brought.

It did not appear that any notice to quit the premises had ever been given to the defendants or any of them, or their father, before this action was brought; nor was there any evidence as to whether the defendants claimed as heirs of William Davis or, independently, under some other person, by purchase or otherwise, except that it appeared that two of them, including

the insane defendant, were living upon the premises before and after their father's death, and when this action was commenced.

Before the evidence was all in it appeared that the defendant, William F. Davis, had not resided upon the premises for several years before the date of the trial, and thereupon the plaintiff moved to discontinue the action as against him. This motion was allowed against the objection of the defendants.

The defendants did not offer any evidence, but, when the plaintiff rested his case, requested the following rulings:

"1. Upon the whole case the plaintiff cannot recover. 2. There being no evidence that the defendants were in possession of the premises in question at the time of the suing out of the plaintiff's writ, the plaintiff cannot recover. 3. If any individual one of the three defendants was not in possession of the premises in question either on the day of the plaintiff's entry to foreclose or at any time subsequently, up to and including the day of the suing out of the plaintiff's writ, then the plaintiff cannot recover against any of the defendants. 4. This form of action will not lie against the heirs of the mortgagor by the administrator *de bonis non* of the mortgagee. 5. This action cannot be maintained because the defendants and their ancestors, if they were in possession as claimed, were in quiet possession for more than three years before the commencement of this action. 6. The plaintiffs cannot discontinue as to the defendant, William F. Davis, at this stage of the case."

The judge declined to give the rulings requested, and found and ordered judgment for the plaintiff; and the defendants alleged exceptions.

*M. J. McNeirny*, for the defendants.

*J. W. Keith*, for the plaintiff.

HAMMOND, J. The rule at the common law was that at least where there had been no adjudication of unsoundness of mind and no guardian or committee appointed and the mental trouble was not shown to be congenital, a *non compos* defendant of full age in an action at law must appear by attorney, and the failure to appoint a guardian *ad litem* was not error. *Beverley's case,* 4 Co. 123 *b.* Chit. Pl. (16th Am. ed.) 577. 2 Wms. Saund. 333. *King* v. *Robinson,* 33 Maine, 114.

In equity, however, the rule is different, and a guardian *ad*

*litem* should in such case be appointed. *Wilson* v. *Grace*, 14 Ves. 172. Dan. Ch. Pl. & Pr. 176, and cases cited. *Mitchell* v. *Kingman*, 5 Pick. 431, 434. *Emery* v. *Parrott*, 107 Mass. 95.

Even if under the statutes and practice in this State a guardian in such a case as this should be appointed, (see *Mitchell* v. *Kingman, ubi supra ;* Pub. Sts. c. 139, § 43 ; c. 165, § 25,) we see no error in this respect in the proceedings. While the case was pending in the police court, the attorney for the other defendants was appointed guardian *ad litem* to represent the interest of the *non compos* defendant. He was thus the guardian for the case, and, in the absence of anything appearing to the contrary, it may fairly be assumed that in the proceedings in the appellate court he was acting in the same capacity, so far as the interests of the *non compos* defendant were involved.

It was within the discretion of the court to allow the plaintiff to discontinue as to William F. Davis. It was in substance a nonsuit of the plaintiff as to him, and by leave of the court a plaintiff may become nonsuit even at the close of the evidence, except where a set-off has been filed. Pub. Sts. c. 168, § 21. Pub. Sts. c. 167, § 42. *Gray* v. *Cook*, 135 Mass. 189. *Taft* v. *Church*, 164 Mass. 504. *Truro* v. *Atkins*, 122 Mass. 418.

The action is brought by the administrator *de bonis non* of the estate of the mortgagee, and it is objected by the defendant that he is not the proper person to represent the estate in this respect.

By Pub. Sts. c. 133, § 6, it is provided that " When a mortgagee of real estate . . . dies without having foreclosed the right of redemption, the mortgaged premises and the debt secured thereby shall be considered as personal assets in the hands of his executor or administrator, and shall be administered and accounted for as such ; and if the deceased has not in his lifetime obtained possession of the mortgaged premises, his executor or administrator may take possession thereof by open and peaceable entry or by action, in like manner as the deceased might have done if living." See *Taft* v. *Stevens*, 3 Gray, 504.

It does not appear by the bill of exceptions whether the entry in August, 1888, to foreclose, was made by the mortgagee or by the administrator; or whether the foreclosure had been com-

pleted before the death of the mortgagee ; and, inasmuch as this point is not pressed in the brief of the defendants and the evidence relating to it is not reported, we infer that the evidence at the trial showed that the foreclosure was not completed before his death. At any rate, in the absence of any report of the evidence on the subject, we cannot say that it was.

And we think that the administrator may avail himself of the provisions of Pub. Sts. c. 175, "in like manner as the deceased might have done if living," and that the process of forcible entry and detainer may be maintained when a mortgage has been foreclosed by entry without the exercise of a power of sale. Such is the plain reading of the statute, for the language is that the process will lie "when a mortgage of real estate has been foreclosed by a sale under a power contained therein or otherwise."

The most important questions are those which arise out of the evidence concerning the proof and validity of the mortgage title under which the plaintiff claims.

The mortgage was dated December 20, 1859. It purported to be executed in the presence of two witnesses, both of whom were alive at the time of the trial and were defendants in the case, one of them being the insane defendant and the other actually present in court; but the plaintiff declined to call either attesting witness, and insisted that the mortgage deed, being more than thirty years old, proved itself.

The defendants objected to the introduction of the deed on the ground that there was no legal proof of its execution, and that to entitle it to be admitted as evidence upon its mere production and an offer of it in evidence, it must appear that it was followed by a possession under it; but the court overruled the objection and admitted the deed without further proof.

It is a general rule that deeds appearing to be more than thirty years old, which come from the proper custody and are otherwise free from just grounds of suspicion, are admissible without any proof of execution. And while in some States the rule is not applicable if there is a living attesting witness within reach of the process of the court, (*Smith* v. *Rankin*, 20 Ill. 14, *Thompson* v. *Brannon*, 14 S. C. 542,) the general practice is the other way, and the rule is considered applicable even if the

witness be living and actually in court.   1 Greenl. Ev. §§ 21, 570, and cases cited.   *Green* v. *Chelsea*, 24 Pick. 71.   *Jackson* v. *Christman*, 4 Wend. 277.   *Gardner* v. *Granniss*, 57 Ga. 539. *Shaw* v. *Pershing*, 57 Mo. 416.

There has been much diversity of opinion whether the rule applies in cases of deeds of real estate where there is no proof of possession, but in England the doctrine seems to be that the absence of such proof goes rather to the weight of the evidence than to its admissibility; and in the United States the great weight of authority is that the deed is admissible without such proof.   1 Greenl. Ev. § 21.   *Barr* v. *Gratz*, 4 Wheat. 213. *Harlan* v. *Howard*, 79 Ky. 373.   *Hewlett* v. *Cock*, 7 Wend. 371. See also 2 Am. & Eng. Encyc. of Law, (2d ed.) notes to pp. 327, 328, for collection of the cases.

The deed in question was a mortgage.   Such an instrument is not usually followed by the possession of the mortgagee, and its admission without evidence of possession was correct.

At the time of the entry to foreclose, the mortgage note had been more than twenty years overdue, and, to rebut the presumption of payment arising from lapse of time, the plaintiff offered in evidence the memorandum of May 10, 1866, on the back of the note, and a certain other note found among the papers of the intestate's estate of the same date and amount as named in that memorandum.   This last note was payable to the order of the intestate in six years from its date, with interest annually, was signed by William Davis and duly attested. Upon this second note was an indorsement of a payment in 1874, in the handwriting of a daughter of the payee, who was a witness and a party in interest in this suit.   She testified that she made this indorsement in the presence of the maker, at the request of her mother, to whom the money was claimed to be paid, the money being then on the table when the indorsement was made.   She did not testify to the amount of money then upon the table, and there was no other evidence that the maker knew the contents of the paper upon which this indorsement was made, or that he ever saw it after it was made.

To the introduction of all this evidence the defendants objected, on the ground that there was no connection shown between the second note and the original note, and that the

indorsement on the back of the original mortgage note, whether in the handwriting of the payee or of any other person, made without the knowledge of William Davis or of the defendants, would not be competent to prove that said second note was given in payment of the first or mortgage note, and objected to the admission of the indorsement on the mortgage note and its recital as incompetent for any purpose whatever ; but the court overruled the objection and admitted the evidence.

The indorsement upon the first note and the second note both bear the same date, namely, May 10, 1866, and in the absence of evidence to the contrary each may be assumed to have been made on that date.     At that time the mortgagee had two papers as security for his debt, — the mortgage and the note.     Each was independent of the other, and he could have pursued his remedy upon either or both to secure his claim.     He could have discharged the mortgage and relied solely upon the note, or he could have agreed to forego his right to charge the maker of the note personally and relied solely upon the mortgage; and even if by reason of the statute of limitations or of a discharge of the maker in insolvency, or by a renewal of the note, he had lost the right to recover upon it, the debt being still unpaid, he still could have held his mortgage as security and pursued his remedies thereon.     The latter, unless discharged, remained in force until the debt is paid, or the right to enforce it is barred by the presumption of payment from the lapse of time.     Jones on Mortgages, § 1204.     *Thayer* v. *Mann,* 19 Pick. 535.     *Norton* v. *Palmer*, 142 Mass. 433.     Under these circumstances this memorandum was made upon the first note, and the second note was given by the mortgagor to the mortgagee for the amount set forth in the memorandum.     No money seems to have been paid. A computation of the sum due upon the first note, giving due credit for all the indorsements thereon, shows that the sum therein named was a fair statement of the balance.     The first note shows no further payments, while there are two indorsements upon the second note.     The mortgage was not discharged, but both the second note and the mortgage were kept by the mortgagee.     The memorandum may be assumed to have been made in the due course of business, and when there does not appear to have been any inducement to falsify.     To a certain extent, also,

it was an entry against the interest of the mortgagee, for while it did not purport to be a statement that the note was paid, still it did in substance cancel the note, and the mortgagee was thereby deprived of his right to collect his debt by proceeding thereon. At least, for the purpose of showing that he had lost this right, the memorandum was competent and was rightly admitted. Giving to it no other or further probative effect than this, and without reciting the evidence further in detail, we think the judge who tried the case was justified in finding that the second note was not regarded by the parties as a payment of the debt, but as a renewal of the old note for the balance unpaid, and that the payment of $100 was made by the mortgagor in 1874 upon the new note, and was part payment of the debt secured by the mortgage.

It follows that the mortgage was a valid outstanding mortgage at the time of the entry to foreclose. After the entry to foreclose the mortgagor and those claiming under him became tenants at sufferance of the mortgagee, and, in the absence of any evidence of an adverse holding, they are assumed to hold under him, and their possession is his, during the three years, until the completion of the foreclosure in August, 1891. *Ellis* v. *Drake*, 8 Allen, 161. *Porter* v. *Hubbard*, 134 Mass. 233.

The writ is dated in March, 1894, which is less than three years from the foreclosure, and since the defendant's estate was not ended until the completion of the foreclosure, the action was brought within the time prescribed by Pub. Sts. c. 175, § 10.

The second request was rightly refused because not applicable, since it appears by the bill of exceptions that two of these defendants were living upon the premises when the suit was commenced.

The third request was rightly refused because not applicable to the state of the case as finally submitted to the court.

*Exceptions overruled.*