CHARLES MCKENNA vs. MARIA MCARDLE & another.

SAME vs. CHARLES E. GARVEY & another.

Suffolk.     December 11, 12, 1905. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Executor and Administrator. Insane Person. Attorney at Law. Practice, Civil,* New trial.

A person named as executor in a will presented it for probate. After the return day of the citation and the entry of appearances in the Probate Court but before any hearings were held he became insane, and was committed to an insane hospital. He continued to be insane but no guardian was appointed, and no adjudication of his insanity was made other than that on his commitment to the hospital. The will was allowed by the Probate Court. Appeals were taken to the Supreme Judicial Court, notice of the entry of which was mailed to the attorney of the executor named in the will, who continued to act in the case, entered his appearance in the Supreme Judicial Court and represented the executor named in the will in all subsequent proceedings with fidelity and ability. A jury found that the will was procured by undue influence. The executor named in the will by his attorney moved to set aside the verdict on the ground that the proceedings were fatally defective. The presiding justice found as a fact that the claimant under the will suffered nothing from the lack of a formal appointment of a representative of the petitioner. *Held,* that the service of notice of the entry of the appeals upon the attorney was good and gave the Supreme Judicial Court jurisdiction of the case on appeal; and that the verdict should not be disturbed on account of the informality which did not affect the result.

If on the trial of issues framed for a jury on a probate appeal it appears that the petitioner named as executor has become insane, on this fact being called to the attention of the presiding justice the ordinary course of procedure would be for the justice to appoint some proper person to take the place of the petitioner in conducting the proceedings. If, however, the proceedings go on without the disability of the petitioner being brought to the attention of the justice until after a verdict finding undue influence has been returned, but the counsel for the petitioner has continued to represent him with fidelity and ability so that the beneficiaries under the will have suffered nothing from the lack of a formal appointment, there is no occasion for a new trial.

TWO APPEALS from a decree of the Probate Court for the county of Suffolk allowing an instrument as the last will and testament of John McKenna.

The appeals were consolidated and tried together before *Knowlton,* C. J. upon issues framed for a jury. Upon the first issue the jury found that John McKenna was of sound, disposing

mind and memory at the time of executing the instrument, and upon the second issue they found that the alleged will was procured by the undue influence of Charles McKenna or of his wife, Ellen E. McKenna, or of both.

After the verdict the petitioner's counsel filed a motion for a new trial upon the following grounds:

" First.   Because the finding of the jury on said second issue is against the evidence and the weight of the evidence.

" Second.   Because said verdict on said second issue is against the law and the instructions of the court.

" Third.   Because said Charles McKenna, who is one of those charged with having procured the execution of this will by undue influence, was unavoidably prevented from attending court or having his testimony taken to be used at the trial by reason of his mental condition and confinement in the asylum, but is now recovering from his said illness, and it is reasonably expected will be able to be present and testify at a new trial.

" Fourth.   Because since the beginning of these proceedings upon the sole petition of said Charles McKenna in the probate court, and before the appeal therein to and trial in this court, said Charles McKenna was duly adjudged to be an insane person and committed to an asylum, and, no guardian or legal representative having been appointed for said petitioner, this case was not regularly appealed to or legally before this court for want of proper parties."

The Chief Justice found that so far as the motion for a new trial depended on the first three reasons stated it ought not to be granted, and upon those grounds he denied the motion.

Upon the fourth ground the Chief Justice reported the case to the full court for such order as law and justice might require. If the insanity of the executor and want of notice to him rendered the proceedings in the Supreme Judicial Court fatally defective, the verdict on both issues was to be set aside; otherwise, the motion was to be denied.   The material facts reported are stated in the opinion.

*J. A. McGeough,* (*E. W. Mitchell* with him,) for the petitioner.

*J. G. Palfrey,* for Maria McArdle.

*J. F. Lynch,* for Charles E. Garvey and others.

*E. H. George,* for Mary A. Cavallaro.

KNOWLTON, C. J.   The petitioner, who was appointed executor in an instrument purporting to be the last will and testament of his brother John McKenna, presented the instrument to the Probate Court, and filed a petition in the usual form for the allowance of it.   He employed a competent attorney to prosecute the petition, and represent him in all proper proceedings for the probate of the will, and this attorney entered his appearance in the Probate Court " for the petitioner."   After the return day of the citation and the entry of appearances in the Probate Court, but before the hearing, and before the decree of that court allowing the will, the petitioner became insane, and was legally committed to a lunatic hospital, where he was confined as an insane person at the time of the trial in the Supreme Judicial Court.   No guardian has been appointed, and no adjudication of his insanity has been made other than that of the magistrate on his commitment to the hospital, and no suggestion was made to the Probate Court or the Supreme Judicial Court for a stay of proceedings, or for the appointment of any person to represent him or to prosecute the petition for the probate of the will.   Appeals were taken by different heirs from the decree of the Probate Court, and notice of the entry thereof in the Supreme Judicial Court was mailed to the attorney.   He continued to act under the authority of his original contract of employment, entered his appearance in the Supreme Judicial Court, marked the case for trial, and represented the petitioner and the will in all subsequent proceedings.   He prosecuted the petition with fidelity and ability, and did everything that could reasonably be expected to be done by an executor of sound mind, in the preparation of the case and in the presentation of it before the court and jury.   The presiding justice has found that the claimant under the will has suffered nothing for lack of a formal appointment by the court of some person to represent the executor and the will before the court.   The attorney entered his appearance in the Supreme Judicial Court " for the executor," but no executor or administrator with the will annexed has at any time been appointed by the court.

Issues having been framed for trial by a jury, a trial was had, at which the jury found, upon one of these issues, that the will was procured by fraud and undue influence.   The petitioner, by

his attorney, filed a motion to set aside the verdict, and the only question before us is whether, for reasons hereinbefore stated, the proceedings which resulted in the verdict were fatally defective.

The regular course of procedure for parties dissatisfied with a decree of the Probate Court is to take an appeal, and the decree in this case was a sufficient foundation for the appeal by the parties aggrieved by it. The requirements of the statute were complied with in taking the appeal and in bringing it to the appellate court, unless there was error in giving notice to the attorney instead of to the petitioner in person. In ordinary suits against minors and insane persons, service is made in the usual way upon the minor or insane person, and that is the only service required. *Taylor* v. *Lovering*, 171 Mass. 303. There can be no doubt that, if the notice of the appeal had been served on the petitioner personally, it would have been a compliance with the requirement of the statute, and would have given the appellate court jurisdiction of the appeal. We have statutory provisions and rules of court applicable to notices of this kind. The R. L. c. 162, § 11, declares that such a notice " may be served in the manner provided by the rules of court for the service of notices." In R. L. c. 162, § 40, we find the following language: " A duly authorized attorney at law may enter his appearance as attorney for the party represented by him in any proceeding in a probate court, and all processes and notices which may be served upon him shall have the same force and effect as if served upon the party whom he represents." Under the twenty-second chancery rule of this court, " all notices in a case required to be given a party, may be given to his solicitor of record ; and if transmitted through the post office, post-paid, shall be deemed to have been received by the person to whom they are addressed, in due course of mail, unless the contrary appears by affidavit or otherwise."

In this case, in giving the notice of appeal, there was a literal compliance with the statutes and rules of court. Doubtless this would be enough to give jurisdiction in any case, but we have the further consideration that, in the absence of any other adjudication of insanity than the commitment to a hospital, there being no guardian; there is nothing to show that the relation of attorney and client did not continue in full force between the

petitioner and his attorney of record as to all matters included in the original contract of employment. *Leggate* v. *Clark*, 111 Mass. 308, 309. We think it plain that, on this service of notice, the Supreme Judicial Court had jurisdiction of the case on appeal.

There has been much discussion before us on the law and practice of the courts where one of the parties to a suit, appearing only for himself in a personal capacity, is insane. On this point the generally prevailing rule of law is that an insane person may appear and prosecute or defend by attorney, at least when he is not under guardianship, any ordinary action at common law, if no special reason is shown to the contrary, and that he will be bound by the result. *Cunningham* v. *Davis*, 175 Mass. 213. *Hallett* v. *Oakes*, 1 Cush. 296. *Stigers* v. *Brent*, 50 Md. 214. *King* v. *Robinson*, 33 Maine, 114. *Ingersoll* v. *Harrison*, 48 Mich. 234. *Van Horn* v. *Hann*, 10 Vroom, 207. *Cameron* v. *Pottinger*, 3 Bibb, 11. Sometimes, for his protection, it is well for the court to appoint a guardian *ad litem* to represent him. In some States the subject is governed by statutes, and the decisions in different jurisdictions are not entirely harmonious. In suits in equity the general practice is to appoint a guardian *ad litem* for insane litigants. *Cunningham* v. *Davis*, 175 Mass. 213. One reason for this rule in the early times was that averments and answers in equity were made by the parties under oath. *Westcomb* v. *Westcomb*, 1 Dick. 233. *Howlett* v. *Wilbraham*, 5 Madd. 423. *Wilson* v. *Grace*, 14 Ves. 172. *Sturges* v. *Longworth*, 1 Ohio St. 544. See *Wartnaby* v. *Wartnaby*, Jac. 377.

The case before us differs materially from an ordinary suit brought by a party on his own account. The petitioner appeared in the Probate Court, in an official capacity, to represent the will in the settlement of the estate of a deceased person. The suit was in the nature of a proceeding *in rem*. When the court acquired jurisdiction of the case it was beyond his power to control it, but any one interested had a right to the aid of the court in conducting the matter to a conclusion which should establish or set aside the will, and thus take a step forward towards the settlement of the estate. The petitioner's personal interest, as a legatee under the will and as an heir at law of his brother, did not make him a party in his personal relations to the estate, but

his duty as petitioner was to represent the estate, and particularly to represent the will, which purported to declare the purpose of the testator in regard to the disposition of his property.

The question arises, What is the duty of the parties interested, and of the court, if one acting in that capacity becomes disqualified, or declines to proceed further in the performance of his official duty? We have no statute for a case like the present, and it must be governed by general principles applicable to the business to be done. It is the duty of the court, on being informed of the facts, to make such an order as will insure a proper determination of the questions on which the rights of the parties depend. Usually that can best be done by appointing some proper person to take the place of the executor, and represent the will in conducting proceedings for the probate of it.

The nature of such a case, that it is a proceeding *in rem*, has repeatedly been declared. *Bonnemort* v. *Gill*, 167 Mass. 338. *In re Storey*, 20 Ill. App. 183. *Van Alen* v. *Hewins*, 5 Hun, 44, 45. *Matter of Lasak*, 57 Hun, 417. *Bogardus* v. *Clark*, 4 Paige, 623, 626. *Tompkins* v. *Tompkins*, 1 Story, 547. The first four of the cases just cited go far to indicate the proper procedure where the petitioner is disqualified to prosecute the suit. In the absence of any statutory requirement, the court is not limited to a single method. It is enough if means are taken to insure a proper presentation of the facts and arguments which ought to be considered in determining whether the will should be admitted to probate.

In the present case, if the matter had been brought to the attention of the court, probably nothing better could have been done than to appoint the able and trustworthy attorney who was then representing the petitioner, to assume a new official relation as a representative of the executor and the will, under an order of the court. If that or anything like it had been done, the result would not have been changed. The will and the executor were properly represented before the court at all stages of the proceedings. We ought not to disturb the verdict for a mere informality which did not affect the result.

It is unnecessary to consider other questions, some of which would be important if the case were not satisfactorily disposed of on the grounds above stated.

*Motion denied.*