GEORGE E. JONES *vs.* EARL L. HARRAR.

Suffolk.    October 6, 1950. — November 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle, Contributory, Use of way.  *Practice, Civil,* Commencement of action, Authority of attorney.  *Insanity.  Agency,* Ratification.  *Attorney at Law.*

A finding of negligence on the part of the operator of an automobile was warranted, and a ruling that a pedestrian was guilty of contributory negligence was not required, by evidence of the circumstances in which the automobile, as another automobile ahead of it made a left turn, turned out to the right of the automobile ahead and struck the pedestrian, who, while crossing the street, had paused to let the automobiles pass.

There was no error in a refusal of the judge at the trial of an action to abate it on the ground that the plaintiff had been mentally incapable of authorizing it to be brought where, whatever his condition at the time it was brought, the evidence warranted the judge in finding that the plaintiff was sane at the time of the trial, at which he was present, and that he then ratified the bringing of the action.

TORT.    Writ in the Superior Court dated December 10, 1947.

The action was tried before *Baker*, J.

*W. F. Henneberry*, for the defendant.

*J. S. McKenney*, (*J. N. Esdaile* with him,) for the plaintiff.

LUMMUS, J. In this action of tort, begun by writ dated December 10, 1947, the declaration alleged that the plaintiff, a pedestrian, at about eight o'clock in a morning late in November, 1947, was struck and injured on Boylston Street, a public way in Boston, by an automobile negligently operated by the defendant. After a verdict for the plaintiff, the case comes here on exceptions taken by the defendant.

The defendant excepted to the denial of a motion for a directed verdict in his favor. The evidence most favorable to the plaintiff was as follows. The plaintiff, a man seventy-six years old, stepped off the sidewalk and started to cross Boylston Street at the corner of Jersey Street. He paused to let three automobiles pass on Boylston Street coming from the direction of Brookline and going into Boston. The first automobile passed, the second made a left turn into Jersey Street, and the third, which was the defendant's, went around the right side of the second one, going at a speed of twenty miles an hour, and with a loud screeching of the tires, where the automobile skidded for twenty feet, struck the plaintiff, knocking him down, and stopped in about its own length beyond the plaintiff's body. The weather was clear. The defendant did not slow down when he saw the plaintiff. In answering interrogatories the defendant said that his automobile was only one foot away from the plaintiff when he first saw the plaintiff. When the defendant first saw the plaintiff, the latter was standing still, and moved only a foot before being struck.

The evidence warranted a finding that the defendant at a speed of twenty miles an hour approached the plaintiff as he was standing still in plain view on a clear day, and failed to see him until he was only a foot away. We think that the jury could find the defendant negligent. *Perricotti* v. *Andelman*, 298 Mass. 461, 463. *McGovern* v. *Thomas*, 317 Mass. 740, and cases cited at page 744. Moreover, G. L. (Ter. Ed.) c. 90, § 14, as amended, requires the operator of

an automobile, upon approaching a pedestrian on the roadway, to slow down. There was evidence that the defendant did not do so, and from that also his negligence could be inferred. *Tookmanian* v. *Fanning,* 308 Mass. 162, 165, 166.

Under G. L. (Ter. Ed.) c. 231, § 85, as amended, the defendant had the burden of proof of contributory negligence. A verdict for the defendant could not have been directed if the accident could have happened without negligence on the part of the plaintiff. *Campbell* v. *Ashler,* 320 Mass. 475, 478. The plaintiff could have relied to some extent upon the expectation that the defendant would slow down as required by the statute, and would avoid hitting him while he was in plain sight. It could not have been ruled that the plaintiff was guilty of contributory negligence as matter of law.

The answer, filed on February 12, 1948, raised no question of the authority of counsel to bring suit for the plaintiff or of the mental capacity of the plaintiff to sue. During the trial the defendant filed a "plea in abatement," alleging that the plaintiff never authorized or ratified the bringing of the action, and was not mentally or physically capable of doing so. But the defendant waived so much of that "plea" as "alleged that at the present time the plaintiff is not mentally or physically capable of prosecuting the action." The defendant did not contend that the jury, and not the judge alone, ought to have passed upon the question of capacity to bring or to ratify the bringing of the action. The judge received in evidence a report from the medical director of the Boston Psychopathic Hospital that the plaintiff was not insane or feeble minded, and overruled the defendant's "plea in abatement," subject to the exception of the defendant. He excepted also to the denial of three requests for rulings that the plaintiff never authorized or ratified the action, and was incapable of bringing it.

We find no error in the action of the judge. In *McKenna* v. *McArdle,* 191 Mass. 96, 100, Knowlton, C.J., said, "the generally prevailing rule of law is that an insane person may appear and prosecute or defend by attorney, at least when

he is not under guardianship, any ordinary action at common law, if no special reason is shown to the contrary, and that he will be bound by the result." Furthermore, whatever was the plaintiff's mental condition when the action was begun, he was found to be sane at the time of the trial. He was present when his counsel opened the case, and must have known that the trial was proceeding. It is true that he did not testify, but that was doubtless because he had no memory of the accident. Even though the action was begun without his authority, the judge could find that he adopted and ratified the act of his attorney in bringing it. *Cleverly* v. *Whitney,* 7 Pick. 36. *Giles* v. *Giles,* 293 Mass. 495, 499. *Zwick* v. *Goldberg,* 304 Mass. 66, 71.

*Exceptions overruled.*