GEORGE F. WILLETT *vs.* EDWIN S. WEBSTER, JUNIOR, & others.

Suffolk. January 9, 1958. — March 4, 1958.

Present: RONAN, SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Res Judicata. Judgment. Privity. Insane Person. Pleading, Civil,* Answer. *Release. Practice, Civil,* Parties, Judgment on pleadings.

There was no error in an action in granting the defendant leave to file a special answer asserting the defence of res judicata and to reserve the filing of further pleadings until after final decision on the special answer and in ordering the plaintiff to file a replication thereto where it was represented to the trial judge that the judgment on which the defence was based had been entered after a lengthy trial and would bar the present action. [100]

Partners in a firm, defendants in an action, who had not been partners in that firm at the time of an earlier action against its then partners were entitled, as successors in interest of the partners sued in the earlier action, to take in the later action the same benefit from a judgment for the defendants entered in the earlier action as their predecessors could have taken if they had been parties in the later action. [101]

Where an action commenced against the partners in a firm in 1955 by a plaintiff under guardianship as an insane person since 1949 was based upon the same alleged conspiracy and substantive acts in 1918–1919 by the then partners in the firm as had been complained of in an action brought in 1921 by the plaintiff against the then partners, and it appeared that the plaintiff had been ably represented by counsel in the 1921 action and that therein, after a lengthy trial, judgment had been entered for the defendants grounded on a general release given by the plaintiff, the 1955 action was barred on the ground of res judicata notwithstanding new allegations in the declaration therein that the plaintiff had been continuously insane since prior to the commencement of the alleged conspiracy, that the defendants in the 1921 action at all times had known of his insanity, that their acts caused him to become permanently insane, and that the conspiracy had been continuous since 1918 and the defendants in the 1955 action had retained properties, and profits therefrom, gained through it. [102–104]

A general release, signed by the two partners of a firm, releasing "individually and as copartners" certain persons and their successors and assigns from all claims of every description and adjudicated to be valid and a defence to an action by the partners against the releasees based upon a conspiracy to deprive the partners of certain property,

barred a subsequent action by one of the partners against some of the defendants in the earlier action and persons in privity with the earlier defendants based upon wrongful deprivation of him individually of the same property through the same conspiracy, even if he was insane when he executed the release. [104]

An order for judgment for the defendant on the pleadings was properly entered where the pleadings established conclusively as against the plaintiff facts showing a defence to the action. [104–105]

TORT. Writ in the Superior Court dated October 20, 1955.

The plaintiff alleged exceptions to certain orders by *Kirk,* J., and *Good,* J., described in the opinion.

*John M. Bashaw,* (*Robert Braucher & Alvin J. Slater* with him,) for the plaintiff.

*Claude R. Branch,* (*James C. Heigham* with him,) for the defendants Stubbs and others.

*Charles C. Cabot,* (*James W. Noonan* with him,) for the defendants Gordon and others.

*Norman Landstrom,* (*Philip R. White & Ralph S. Brown, Jr.,* with him,) for the defendants Richard K. Thorndike and another, executors.

SPALDING, J. This action of tort is based upon the same alleged conspiracy in 1918–1919 dealt with by judgment in 1927 in an action brought in 1921 (hereinafter called the 1921 action). See *Willett* v. *Herrick,* 242 Mass. 471, *S. C.* 258 Mass. 585. The plaintiff since 1949 has been under guardianship as an insane person. See *Bashaw* v. *Willett,* 327 Mass. 369; *Willett* v. *Willett,* 333 Mass. 323. His guardian seeks to retry this litigation of a past generation upon a declaration which in general recites the facts of the old conspiracy, but also adds, among others, allegations which in substance are (1) that the plaintiff has been continuously insane since prior to the commencement of the alleged conspiracy in 1918; (2) that the defendants in the 1921 action at all times knew of the plaintiff's insanity; [1]

---

[1] It is not clear to us how the defendants could be expected to have this knowledge in view of the plaintiff's allegations in his replication that his counsel in the 1921 action did not know of his alleged paranoia, which is described as such as to be readily discernible only by persons who were experts in insanity or by persons with an unusual opportunity to observe manifestations of the disease.

(3) that the acts complained of in the 1921 action caused the plaintiff to become permanently insane; (4) that injury was done to the plaintiff's person and property, as well as to the interests of the plaintiff's partnership of Willett, Sears & Co.; and (5) that the conspiracy has been continuous since July, 1918, and the defendants have retained properties, and profits therefrom, gained through the conspiracy.

The defendants named in the present action are some of the original defendants, partners in 1918 in the firm of F. S. Moseley & Co., together with the other partners at the time of the initiation of the present action in the Moseley firm and the then partners in the firm of Kidder, Peabody & Co. It is alleged that these firms have not been dissolved since July, 1918.

1. Certain defendants were granted leave to file special answers asserting the defence of res judicata based upon the judgment in the 1921 action and the release given by the plaintiff and his partner therein held valid, and to reserve further pleadings until twenty-one days after final decision on the special answers. The plaintiff was ordered to file replications to these answers. The plaintiff's first bill of exceptions raises the question of the propriety of the trial judge's disposition of these matters. There was no error in this respect. It was represented to the judge that trial of the 1921 action consumed one hundred eighty-five court days and that the judgment in that action and the issues there settled were determinative of the present proceeding. The judge properly and wisely adopted a practical method of summarily disposing of issues which might be determinative of the whole case, thereby avoiding unnecessary public and private expense. G. L. (Ter. Ed.) c. 231, § 34. Rules 25 and 26 of the Superior Court (1954). No substantive rights of the plaintiff have been adversely affected by this procedure.

2. Motions of certain defendants for judgment on the pleadings were allowed. Motions to dismiss filed by various defendants, who were not served here and did not reside in

Massachusetts, were also allowed, as were motions to dismiss filed in behalf of the personal representatives of two defendants who died after being served. Exceptions to the allowance of these motions are presented by the plaintiff's second bill of exceptions.

Sufficient facts, as opposed to conclusions of law, are established by the pleadings, by which the plaintiff is bound, to support the defence of res judicata. See G. L. (Ter. Ed.) c. 231, § 87; *Bancroft* v. *Cook*, 264 Mass. 343, 348. The special answer filed by the defendants Waring and Hibbs (hereinafter called the Waring-Hibbs answer) attaches various documents from the 1921 action, and the docket entries in that case, the authenticity and contents of which are admitted by the plaintiff. Among facts so established are: The 1921 action was brought in the names of Willett and his partner "for the benefit" of Willett, who was alleged to be "the sole owner of all the assets" of Willett, Sears & Co. The defendants Moseley, Auchincloss, and Rantoul were defendants in the 1921 action. Those present defendants, who were not defendants in 1921 but are now partners in the Kidder, Peabody firm or the Moseley firm, are sued in the present action as successors in interest of the partners sued in 1921. They are thus in privity with the defendants in the 1921 action and may take whatever benefit from the former judgment, under the principles of res judicata, their predecessors could have taken. See *Sandler* v. *Silk*, 292 Mass. 493, 498; Restatement: Judgments, §§ 83, 87. See also *Wishnewsky* v. *Saugus*, 325 Mass. 191, 196. Comparison of the declaration in the 1921 action with that in the present suit shows that the substantive acts in 1918 and 1919 complained of in each action are the same. The plaintiff in the 1921 action was represented by three of the leading members of the Boston bar. The plaintiff and his partner Sears "individually and as copartners" on March 24, 1919, released the then partners of the Kidder, Peabody firm and the Moseley firm, and their successors and assigns, from all claims of every description. See 258 Mass. 585, 590. This very broad release was given upon the written

recommendation dated February 8, 1919, of a committee of four persons. See 258 Mass. 585, 597–598.

The prior adjudication on the merits operates as a bar to a later proceeding upon the same cause of action "as to every issue that in fact was or in law might have been litigated." *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 298. Varying the form or phrases of a declaration in an earlier action will not avoid the force of res judicata when it is apparent from comparison of the pleadings that they set forth in substance and in effect the same cause of action. *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, 280. "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong." *Mackintosh* v. *Chambers*, 285 Mass. 594, 596–597. *Forman* v. *Wolfson*, 327 Mass. 341, 343. See Restatement: Judgments, § 62, comment e, § 63. Here the actions of certain defendants and others, relied upon as actionable, are the same as in the earlier action except that they are now said to be given new significance by the allegations of injury to the plaintiff individually and of the plaintiff's insanity and the alleged knowledge of this on the part of some defendants.

All of these aspects of the case could have been litigated by the plaintiff in the earlier proceeding. He cannot split his cause of action based upon the same facts. Doubtless, the plaintiff's counsel in the 1921 action would not have hesitated to allege that the plaintiff was insane when he signed the 1919 release, if they could have done so with propriety. It was open to the plaintiff to allege and prove all the consequences of the allegedly tortious acts of the parties to that action and all matters which might render the release ineffective. Any such allegations and proof then omitted cannot be made now. *Dearden* v. *Hey*, 304 Mass. 659, 661, et seq. *Derderian* v. *Union Market National Bank*, 326 Mass. 538, 541. If the 1919 release was effective, the plaintiff then ceased to have grounds for complaint with respect to the continued possession by the defendants and

their successors of property then held by the defendants' firms; hence the allegations of continued retention of the property are of no significance.

In *McKenna* v. *McArdle*, 191 Mass. 96, 100, it is said to be "the generally prevailing rule of law . . . that an insane person may appear and prosecute or defend by attorney, at least when he is not under guardianship, any ordinary action at common law, if no special reason is shown to the contrary, and . . . he will be bound by the result." See *Jones* v. *Harrar*, 326 Mass. 488, 490–491. See also *Cunningham* v. *Davis*, 175 Mass. 213, 217; *King* v. *Robinson*, 33 Maine, 114, 124–126; *Fernow* v. *Gubser*, 136 Fed. (2d) 971, 973 (C. C. A. 10).

We here see no special reason to the contrary. The plaintiff was by no means an incompetent person of low intelligence inadequately advised. No guardian was appointed for him until 1949. He was represented over thirty years ago, with respect to incidents which occurred nearly forty years ago, by eminent counsel, who gave him every professional assistance within their powers. No case is made out for equitable relief against the judgment in the 1921 action. Even if it be assumed that such relief may be obtained in an action at law in which the judgment is asserted as a defence (see G. L. [Ter. Ed.] c. 231, § 35), the "salutary rule . . . which forbids the contradiction of a judgment is not to be avoided by calling the contradiction . . . equitable." See *Bremner* v. *Hester*, 258 Mass. 425, 426. See also *Corbett* v. *Craven*, 196 Mass. 319, 320; *Frechette* v. *Thibodeau*, 294 Mass. 51, 57–59. Here the plaintiff cannot properly assert that "there was no fair trial because he was subject to an incapacity and was so poorly represented that there was no substantial presentation of his case." See Restatement: Judgments, § 123; see also §§ 127–130.

The long lapse of time since the judgment presents compelling reasons for denying equitable relief against the judgment at a time when most of the parties, many of the witnesses, and most of the plaintiff's counsel in the 1921 action are dead. Also, to disregard this judgment, obtained after

extended and fair adversary proceedings, would greatly diminish the general security of judgments. The law in Massachusetts is represented by the *McKenna* case and we need not have resort to decisions, relied upon by the plaintiff, in other jurisdictions. Many of these are distinguishable (see *Olivera* v. *Grace,* 19 Cal. [2d] 570, 572–573, 575; *Hunter* v. *Williams,* 96 Colo. 435, 437; *Hodges* v. *Phoenix Mutual Life Ins. Co.* 171 Kans. 364, 368–374, *S. C.* 174 Kans. 282) because they dealt with default judgments or arose under different statutory provisions. Compare *Smith* v. *Holloway,* 259 Ala. 393, *S. C.* 262 Ala. 273.

Even if the present cause of action should be considered different from that in the 1921 action, the 1919 release would be a bar here. That release, signed by Sears as well as Willett, released completely all claims of the partnership and the plaintiff individually. No contention is made that Sears was insane. Even if Willett was then insane, Sears's release effectively discharged all claims by the partnership, which owned at the time of the alleged conspiracy the property of which the plaintiff claims wrongful deprivation. *Gordon* v. *Albert,* 168 Mass. 150, 153–154. *Osborn* v. *Martha's Vineyard Railroad,* 140 Mass. 549. *Emerson* v. *Knower,* 8 Pick. 63. Restatement: Contracts, § 130. The validity of the release was adjudicated after full trial on the merits of the plaintiff's whole cause of action in the 1921 action and was decisive. See Restatement: Judgments, § 68. Compare *Cambria* v. *Jeffery,* 307 Mass. 49, 50. The issue of the validity of the release is settled with respect to subsequent litigation between the plaintiff and the then defendants and those in privity with them. *Mellen* v. *Modern Parlor Frame Corp.* 321 Mass. 305, 309, and cases cited. See *Spector* v. *Traster,* 270 Mass. 545, 548–549; *Long* v. *George,* 290 Mass. 316, 321–322; *Bordonaro* v. *Vandenkerckhaven,* 322 Mass. 278, 281–282; *Leventhal* v. *Krinsky,* 325 Mass. 336, 339–340. Compare *Sandler* v. *Silk,* 292 Mass. 493, 497–500. It is too late for the plaintiff to assert other grounds upon which the release might be held invalid.

3. In the circumstances here, this was an appropriate

case for an order for judgment on the pleadings in behalf of the only two partners of the Kidder, Peabody firm served and those resident partners of the Moseley firm who moved for judgment. It is apparent that, upon the facts established by the pleadings, the plaintiff cannot prevail by reason of the issues settled in the 1921 action and the judgment therein. *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, 112. See *Leventhal* v. *Pierce,* 332 Mass. 117.

4. Our decision on the issue of res judicata determines that the plaintiff cannot recover against defendants still living who were served with process. It is equally plain that there could be no recovery against other defendants similarly situated and equally in privity with the defendants in the 1921 action. The plaintiff is not prejudiced by the dismissal of the action as against such living defendants not served with process and as against such defendants served with process and since deceased. It is thus not necessary to consider whether the substituted service of the former group of living defendants was effective, or whether any cause of action survived against the latter group.

*Exceptions overruled.*